MARTIN CONNER, plaintiff in error *vs.* THE SOUTHERN EXPRESS COMPANY, defendant in error.

An action at law does not abate by the bankruptcy of the plaintiff, and if the assignee in bankruptcy be discharged, without any interference by him with the suit, it may proceed in the name of the bankrupt, the presumption, in the absence of any proof to the contrary, being that the action is proceeding for the benefit of the true owner, whoever he may be.

Abatement. Bankruptcy. Before Judge JOHNSON. Muscogee Superior Court, May Term, 1870.

Conner brought case against said Company for the loss of his goods. When the cause was called for trial, defendant's counsel said plaintiff could not proceed because, *pendente lite,* Conner was adjudged a bankrupt. This was admitted, and plaintiff's counsel then proposed to make Conner's assignee in bankruptcy a party plaintiff. It was replied that he had been discharged and this was admitted; but the assignee was present and consented to be made a party. The Judge said the cause had abated, and refused to make the assignee a party. Conner's counsel then stated that they were interested, having a fee of fifty per cent. on the recovery, and proposed to have the cause proceed in Conner's name for their use. This was refused, nothing more appeared and the cause was held to have abated. These refusals and this holding are assigned as error.

H. L. BENNING, J. F. POU, PEABODY & BRANNON, for plaintiff in error.

MOSES & GERRARD for defendant in error, said party having legal interest must sue: Code, sec. 3192. If he be dead, suit abates, secs. 3375, 43, 18. Bankrupt Act, 1867, shows that assignee must act, and if one be discharged, another must be appointed. It could not proceed for attorney's benefit: 36th Ga. R., 630. Bankrupt is *civiliter mortuus:*

24th Ga. R., 494. Usee real party: Code, secs. 3437, 2848. Assignee must sue: 1 Ch. Pl., *25; 3 Bos. and Pul., 40; 3 B. and Ald., 697; 7 East, 53; Eden B. L. 244.

McCAY, J.

This is an anomalous case. Pending the proceedings in bankruptcy, and until the assignee was discharged, we are *not* clear that, under the Bankrupt law of the United States the bankrupt could proceed in his own name: United States Bankrupt Law, sections 18, 43, 16. Though it would seem that, by the English practice, where the rules of pleading too are very precise, the suit may proceed in the name of the bankrupt: 2 Wilson, 372; 3 T. R., 437; 7 East, 64; 1 T. R., 463; 1 B. and Adol., 459; 2 Daniel and L., 49; 3 Taunt, 59, and Peck *vs.* Jenniss, *et al.,* 7 Howard, 612.

But it appears that the proceedings in bankruptcy have been *concluded,* the whole matter settled and the assignee discharged. We must conclude that, for some proper reason, the title to this claim has reverted to the bankrupt. *Prima facie,* that is true, because the assignee has not undertaken to control it. It may have been left to the bankrupt *after* paying *all* his debts. It may have been allowed him as his poor debtors' exemption under the Bankrupt law. It may have been allowed to him on a composition with his creditors. as provided by the Act, even after the fiat of Bankruptcy, We do not assert as true, any of these things. The presumption is, that the judgment of the Bankrupt Court, *dicharging* the bankrupt and the assignee, closes up the business. If there was fraud, the fraud was in obtaining the discharge of the assignee, which will not be presumed, and cannot be set up by this defendant here. *Prima facie,* at least, this claim belongs to the plaintiff. The fact that there *has been* an assignee, and that he has been discharged, does not affect the question; since, as we have said, the *presumption* is that the

assignee, as the agent of the Bankrupt Court, would not have been discharged, leaving this claim undisposed of, had there not been some proper reason for leaving it in the control of the plaintiff.

Surely, the debt of the defendant was not discharged. There is no other person authorized to sue it, and it is but fair to presume that the plaintiff is now pressing it for purposes consistent with honesty, and for the use of whoever is entitled to the proceeds.

We think, therefore, the Court erred in holding that the suit abated until it is made to appear that the plaintiff is not the true owner, or is not asserting this right fairly; we think he had a perfect right to proceed, and it is not for the defendant to object.

Judgment reversed.