## SAMUEL G. REED *vs.* GEORGE PAUL.

Suffolk.    March 1. — April 11, 1881.    ENDICOTT & SOULE, JJ., absent.

The acceptance by the grantee of a deed of land "subject to a mortgage," for which the grantor is personally liable, "which the grantee hereby agrees to assume and pay," constitutes a contract by the grantee not merely to indemnify the grantor, but to pay the mortgage debt; and, in an action by the grantor thereon, the measure of damages is the amount of the debt which the grantee has not paid according to his promise, although the defendant has since sold the estate to a third person.

An action brought by the assignee of a debt, in the name and by authority of the assignor, may, upon the latter becoming bankrupt, be maintained in his name, and for the benefit of such assignee, if the assignee in bankruptcy consents thereto.

Whether an action by a bankrupt upon a debt due to him before his bankruptcy should be continued, to await the determination of the question of his discharge in the bankruptcy court, is wholly within the discretion of the court in which the case is pending; and the refusal of that court to continue the case affords no ground of exception.

CONTRACT on promises of the defendant to pay mortgages on lands conveyed to him by the plaintiff. Trial without a jury in the Superior Court, before *Brigham*, C. J., who found the following facts:

On April 1, 1875, the plaintiff, being the owner of four lots of land in Boston, all of which were subject to two mortgages to the Mechanics' Savings Bank of Lowell, one made by John T. Broadhurst for the sum of $5000, (which the plaintiff, by indenture with the bank, dated May 30, 1874, had agreed to pay on September 30, 1877, to which time payment of the notes had

VOL. XVII.            9

been extended by the bank,) and the other by the plaintiff for the sum of $1000, payable May 25, 1874, conveyed the four lots to the defendant by two deeds, one of which, of three lots, stated the consideration to be $21,000, and the other, of the fourth lot, stated the consideration to be $7000; and each deed contained, after the description of the premises granted, this clause : "Subject to two mortgages to the Mechanics' Savings Bank in Lowell, one for the principal sum of $5000, and one for the principal sum of $1000, which the grantee hereby agrees to assume and pay as part of said consideration;" and referred to the records of the mortgages and of the extension of the first mortgage.   On April 28, 1877, the defendant conveyed his equity of redemption to George W. Meserve.

On January 19, 1878, the bank took possession of the mortgaged premises for breach of condition of the mortgages, and executed proper certificates of entry, but never recorded the certificates, and has since retained possession, receiving the rents and profits.   The interest on the $5000 mortgage note was paid by the plaintiff to March 30, 1875, and by the defendant from that date to March 30, 1877.   The interest on the $1000 mortgage note was paid by the plaintiff to November 1, 1874, and by the defendant from that date to May 1, 1877.   No subsequent interest, and no part of the principal, has been paid to the bank, except so far as reduced by its receipt of the rents and profits.

Payment of the notes and mortgages was frequently demanded of the plaintiff by the bank before and on, but not after, May 8, 1878, on which day the plaintiff, by instrument under seal, assigned to the bank "all my claims and right and cause of action against said Paul for the nonpayment of said mortgages, and the notes and debts secured thereby, and all benefits to be derived from and the damages suffered and sustained by me, said Reed, in consequence of the breach of the agreements and obligations of said Paul to assume and pay the same, as set forth in said deed, or otherwise;" and empowered the bank to compromise and settle said claims, damages, right and cause of action, on such terms as it should deem expedient, either with or without suit, and to release the same; but without cost or expense to the plaintiff.

This action was brought June 15, 1878, for the benefit of the bank, without any previous demand upon the defendant by the plaintiff or by the bank, except that the bank sent to the defendant its usual printed notice that the notes and interest were due, and that he was requested to pay the same.

On August 31, 1878, the plaintiff filed his petition in bankruptcy; and, on January 25, 1879, was duly adjudicated a bankrupt. On February 14, 1879, William H. Drury was duly appointed his assignee in bankruptcy. The plaintiff has not yet obtained his discharge in bankruptcy, but proceedings upon his petition are still pending.

On October 15, 1879, there was filed in this action the following notice : " The Mechanics' Savings Bank in Lowell comes in and gives notice that the plaintiff's claim in this case was assigned to it prior to the bringing of the plaintiff's suit, and that said suit was originally brought for its benefit, and said bank now owns said cause of action, and moves for leave to prosecute said action for its own benefit. By F. W. Kittredge, its attorney.

" I take notice of the above, and disclaim all right to said action, by reason of the assignment above referred to, and I do not desire to be further heard. Wm. H. Drury, Assignee of the estate of Samuel G. Reed in bankruptcy."

There was no evidence at the trial that the bank forbore its claim for payment of the mortgage debts, or that it had taken any part in the proceedings in bankruptcy. Before and at the trial, the defendant asked and contended, as matter of right, that the case should be continued to await the result of the proceedings in bankruptcy, in order that it might be ascertained whether the plaintiff obtained his discharge; contending that such discharge would be a bar to this action. But this request was refused; and to this refusal the defendant alleged exceptions.

Upon the facts above stated, the judge ruled that the plaintiff was entitled to recover, but was entitled to recover nominal damages only, and found for the plaintiff, assessed damages in the sum of one dollar, and ordered judgment accordingly; and each party alleged exceptions.

*F. W. Kittredge*, for the plaintiff.

*E. W. Hutchins & J. H. Young*, for the defendant.

GRAY, C. J.   The defendant, by accepting the deeds from the plaintiff subject to two mortgages to the bank, for the amount of which the grantor was personally liable, and "which the grantee hereby agrees to assume and pay," has promised the grantor to pay those mortgages and not merely to indemnify the grantor against them; if the defendant does not pay the amount of those mortgages as they become due and payable, he is liable to the grantor in an action of contract in the nature of assumpsit upon his promise; and the measure of the plaintiff's damages in such an action is the amount of the plaintiff's debts which the defendant has not paid according to his agreement. *Furnas* v. *Durgin*, 119 Mass. 500.  *Locke* v. *Homer*, *ante*, 93.   The fact that the defendant has since sold the lands to a third person affords no reason for denying or limiting his liability upon his agreement with the plaintiff.

The assignments *in pais* and in bankruptcy of the plaintiff's cause of action do not affect the right to maintain this suit in his name with the consent of both assignees.   *Mayhew* v. *Pentecost*, 129 Mass. 332.

The question of the effect upon this suit of a discharge in bankruptcy of the plaintiff from his liability upon the mortgage notes is not before us.   He has as yet obtained no such discharge.   Whether this case should be continued, to await the determination of the question of his discharge in the bankruptcy court, was wholly within the discretion of the court below.   The bankrupt act does not require the State courts to stay any action, except against the bankrupt, and upon the application of the bankrupt or of his assignee in bankruptcy.   Even an action against him may proceed to judgment, if neither he nor his assignee interposes any objection, or if the bankruptcy court gives leave to prosecute it for the purpose of ascertaining the amount due.   U. S. Rev. Sts. § 5106.   *Holland* v. *Martin*, 123 Mass. 278, and cases cited.   *Towne* v. *Rice*, 122 Mass. 67, 70.

The result is, that the defendant shows no defence at law to this action, and his exception to the ruling of the Superior Court that the plaintiff was entitled to recover must be overruled, and the plaintiff's exception to the ruling that he was entitled to nominal damages only must be sustained.   As the dates and amounts of the mortgagee's receipts of rents and profits of the

mortgaged estates do not appear in the bill of exceptions, the point suggested by the defendant at the argument, that those receipts, operating as payment *pro tanto* of the mortgage debts, should diminish the damages to be recovered in this action, may be more appropriately raised and determined upon a

*New trial.*