## Thatcher v. Rockwell.

After suit brought, proceedings were instituted wherein the plaintiff was duly
adjudged to be a bankrupt and assignees were appointed. *Held*, that his
bankruptcy cannot be set up by the defendants to bar its further prosecu-
tion in his name, if either the assignees expressly consent thereto, or the
claim sued on was, four months before the proceedings, transferred by him
in good faith and for a valuable consideration to a party for whose use and
benefit the suit was brought.

Motion to dismiss a writ of error to the Supreme Court of
the State of Colorado, with which is united under Rule 6 a
motion to affirm the judgment.

On the 10th of June, 1875, Rockwell, the defendant in error,
brought an action of assumpsit against Thatcher & Standley,
the plaintiffs in error, in a State court of Colorado. The dec-
laration on which the trial was had contained the common
counts only. The original pleas were the general issue, pay-
ment, and set-off; but on the 26th of March, 1877, a supple-
mental plea was filed, to the effect that on the 26th of May,
1876, Rockwell had been adjudicated a bankrupt, and on the
14th of July, 1876, an assignee appointed, to whom the claim
in suit passed under the operation of the bankrupt law; where-
fore the defendants " prayed judgment if said plaintiff could
longer have or maintain his action against them." To this
plea a replication was filed confessing the bankruptcy and the
appointment of an assignee, but averring that the claim in suit
had been assigned to Kate Rockwell and L. C. Rockwell in
November, 1875, and did not pass to the assignee. It was also
averred that the suit was prosecuting for the use and benefit of
the persons to whom the transfer had been made, and that the
assignee in bankruptcy claimed no interest whatever therein.
To the replication the defendants rejoined, denying the assign-
ment to the Rockwells.

Upon this issue, among others, a trial was had, and at the
conclusion of the testimony the defendants asked the court to
instruct the jury, " That if they believe from the evidence
that the plaintiff, after the commencement of the suit, filed his
petition in bankruptcy and was adjudged a bankrupt, and
an assignee in bankruptcy was appointed, then the plaintiff

cannot recover in this action; for if he had any legal claim against the defendants at the time the assignee in bankruptcy was appointed, the same vested in the assignee in bankruptcy."

This instruction was refused, and the court charged: "That if the jury believe from the evidence that Watson B. Rockwell, previous to his bankruptcy, assigned the claim now in suit to his wife Kate and L. C. Rockwell, one-half to each, for a valuable consideration, that this suit is well maintained in W. B. Rockwell's name for their use and benefit, notwithstanding you may believe from the evidence that Rockwell was adjudged a bankrupt in May, A. D. 1876.

"That the defendants cannot avail themselves of the bankruptcy of the plaintiff if the jury believe from the evidence that the money claimed was assigned to the said Kate Rockwell and L. C. Rockwell four months before Rockwell's petition in bankruptcy was filed, and even if there had been no assignment of this claim the defendants could not avail themselves of the bankruptcy, if it appeared from the evidence that the assignee in bankruptcy expressly consented that the plaintiff might continue to prosecute the claim in his own name in this court."

Exceptions were taken in due form and incorporated into the record. The case is here on a writ of error to the Supreme Court of the State for the review of a judgment overruling these exceptions.

*Mr. J. Q. Charles* and *Mr. James B. Belford* in support of the motion.

*Mr. Henry M. Teller*, contra.

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

By the exceptions to the charge a Federal question is undoubtedly presented upon the record. The court was asked to decide that the proceedings in bankruptcy were a bar to the further prosecution of the suit in the name of the bankrupt. This was refused, and the jury were told that they might bring in a verdict for the plaintiff notwithstanding the bankruptcy, if they found in his favor on the other issues, and the claim

had been assigned, as alleged in the replication, more than four months before the petition in bankruptcy was filed. We must, therefore, overrule the motion to dismiss, but what the court did was so clearly right, that we are not inclined to retain the cause for further consideration on its merits. An assignment in bankruptcy only transfers to the assignee such property as the bankrupt had when the petition in bankruptcy was filed. If in point of fact the claim in suit had been transferred by the bankrupt more than four months before the proceedings in bankruptcy were begun, the assignee in bankruptcy had no interest whatever in the suit that was pending, because, from the time of the transfer the transferees became entitled to the benefit of any recovery that might be had.

The suit, though in the name of the bankrupt, was in fact for and on account of the transferees, whose trustee the bankrupt became when the transfer was completed.

The further charge of the court to the effect that if the assignee expressly consented that the bankrupt might continue to prosecute the suit in his own name, the defendants could not avail themselves of the bankruptcy as a defence, was also right. By sect. 5047, Rev. Stat., the assignee may prosecute or defend suits pending in the name of the bankrupt at the time of the bankruptcy, but there is nothing which renders it necessary for him to make himself a party on the record to do what is thus allowed. What was said in *Herndon* v. *Howard* (9 Wall. 664) must be construed in connection with the case then under consideration, which was an application by an assignee to be substituted in this court for the original appellant, who had become bankrupt after the appeal was taken. The true rule is stated in *Eyster* v. *Gaff*, 91 U. S. 521; *Burbank* v. *Bigelow*, 92 id. 179; *Norton* v. *Switzer*, 93 id. 355; *Jerome* v. *M'Carter*, 94 id. 734; *M'Henry* v. *La Société Française*, &c., 95 id. 58; and *Davis* v. *Friedlander*, 104 id. 570. These cases, although the bankrupt happened to be a defendant, establish the doctrine that under the late bankrupt law the validity of a pending suit, or of the decree or judgment therein, was not affected by the intervening bankruptcy of one of the parties; that the assignee might or might not be made a party; and whether he was so or not, he was equally bound with any

other party acquiring an interest *pendente lite.* ·It is no defence to the debt that the creditor has become a bankrupt ; and if an assignee, after notice, permits a pending suit to proceed in the name of the bankrupt for its recovery, he is bound by any judgment that may be rendered.   This is a sufficient protection for the debtor.

The motion to dismiss is denied, but that to affirm

*Granted.*