PEERY, *Plaintiff in Error*, v. CARNES.

1. **Bankruptcy**: ASSIGNEE, POWERS OF : PRACTICE. An assignee in
bankruptcy becomes entitled to the property of the bankrupt
fraudulently conveyed, concealed or inadvertently omitted, as
well as that scheduled and surrendered; he acquires the title
thereto by virtue of the proceedings in bankruptcy and the deed
of assignment, and is the proper party to sue for and recover the
same.

2. ———: ———: PRACTICE : TRUSTEE. So long as the proceedings
in bankruptcy are pending, the assignee is the only proper person
to sue, and the creditors are bound to assert their rights as such
by and through the assignee, who is a trustee for the creditors
and the bankrupt, with power to collect the assets and convert
the assigned property into money and distribute it among the
creditors. When this is done and the proceedings are brought to
an end his trust ceases, and whatever is left in his hands be-
comes the property of the bankrupt by operation of law, without
any formal discharge of the assignee or re-transfer.

———: PRACTICE: BANKRUPT. After the assignee's trust has
ceased and the bankrupt has been discharged, the latter is the
proper party to sue for demands due himself, at the time he
was adjudged a bankrupt.

*Error to Grundy Circuit Court.*—HON. G. D. BUR-
GESS, Judge.

REVERSED.

*A. W. Mullins* for plaintiff in error.

(1) The circuit court erred in sustaining defend-
ant's motion to strike out portions of plaintiff's replica-
tion. If none of plaintiff's indebtedness was proven up
or allowed in the bankruptcy court, and if his indebted-
ness, on account of which he was adjudged a bankrupt,
had been paid, it follows that there were no creditors to

be paid by or through the assignee in bankruptcy, and, therefore, his trust relation with respect to said estate ceased and terminated, and the property, rights, claims and demands which had passed to the assignee, reverted and vested again, by operation of law, in the plaintiff. *Page v. Waring*, 76 N. Y. 463, 473 ; Perry on Trusts, (3 Ed.) secs. 351–2–3, 920 ; *Charman v. Charman*, 14 Vesey, 580, 584. (2) The court erred in giving the declaration of law asked by defendant and in refusing to declare the law as asked by the plaintiff. The pleadings on both sides allege and the evidence conclusively shows that no debts or claims were presented, proved up or allowed against plaintiff's estate whilst in bankruptcy. And the fact that the bankruptcy court ordered that the sum of $1.28 be paid back to the plaintiff, shows that the court found there were no debts to be paid and the functions of the assignee were at an end. No·more formal order for the discharge of the assignee was required by the bankruptcy law than was made by the court in that case. R. S., U. S., sec. 5096, p. 988. By the discharge the bankrupt became, by operation of law, fully invested with the same rights and entitled to the same remedies as before his bankruptcy. *Page v. Waring*, 76 N. Y. 463 ; Perry on Trusts (3 Ed.) secs. 351, 352, 353, 920 ; *Charman v. Charman*, 14 Vesey, 580, 586 ; *Conners v. Express Co.*, 52 Ga. 37 ; s. c., 5 Am. R. 543.

*Shanklin, Low & McDougal, Stephen Peery* and *E. M. Harber* for defendant in error.

(1) The court committed no error in declaring the law or in refusing to declare it as prayed by plaintiff. If the claims here sued for, alleged to have been created on the fourth day of June, 1878, were in existence on the third day of August, 1878, the time of the adjudication in bankruptcy, then they not only vested in the

assignee, but the fact that they were withheld from the assignee, was and is a fraud upon the creditors of the bankrupt and they can only be recovered by the assignee or his successor, in case of his death, for the benefit of the creditors. *Clark v. Clark*, 17 How. (U. S.) 315. Although the bankrupt had been formally discharged from his debts, yet the property and rights of property vested in the assignee and were subject to the creditors of the bankrupt, and the fact that none of the creditors proved up their claims makes no difference. *Clark v. Clark*, *supra;* *Glenny v. Langdon*, 8 Otto (U. S.) 20; *Trimble v. Woodhead*, 12 Otto (U. S.) 647; *Moyer v. Dewey*, 13 Otto (U. S.) 301. Even though it should be admitted that after the formal discharge of the assignee, property of the bankrupt in his hands not required for the payment of the proven debts of the bankrupt, would revest, by operation of law, in the bankrupt, yet it is insisted: (*a*) That there can be no such result until the assignee is discharged, and (*b*) that property fraudulently conveyed by the bankrupt prior to the adjudication, or property or means, including rights in action, fraudulently concealed or withheld from the assignee at the time of the adjudication, would never, under any circumstances, revest in the bankrupt. *Clark v. Clark*, 17 How. (U. S.) 315; *Glenning v. Langdon*, 8 Otto (98 U. S.) 20; *Trimble v. Woodhead*, 12 Otto (102 U. S.) 647; *Moyer v. Dewey*, 13 Otto (103 U. S.) 201. (2) The subject matter of this suit, if it had any existence, unquestionably passed to the assignee by virtue of the assignment (R. S., U. S., section 5044), or by the adjudication and the appointment of the assignee. R. S., U. S. sec., 5046; U. S., R. S., sec. 5057. In this case, the subject matter of this suit, if it had any existence in fact, could be sued for and recovered only by the assignee, and even had the assignee been discharged, he would have held the assets as trustee for the bankrupt until actually surrendered. We submit,

that while waiting for the time to elapse within which proceedings to set aside the discharge might be commenced, the two years within which the assignee might bring his action also elapsed, and that after two years no action can be maintained either by the trustee or *cestui que trust. Meeks v. Olpherts*, 10 Otto (110 U. S.) 564; *Moyer v. Dewey*, 13 Otto (103 U. S.) 301.

BLACK, J.—The demands sued for, amounting to some $18,000, if they ever had any existence in point of fact, accrued on the fourth of June, 1878, and were subsisting claims at a subsequent date when plaintiff was adjudged a bankrupt. The pleadings present a vast number of issues of fact as to which no questions of law are preserved by the record and they need not be stated.

The record recites that plaintiff offered evidence tending to prove the issues on his part and defendant did the like. Defendant read in evidence a transcript of the record in the matter of bankruptcy of plaintiff. This is the only evidence preserved. The court, at the request of the defendant, gave an instruction to the effect that if plaintiff was adjudged a bankrupt, that an assignee was appointed, qualified and received a deed of assignment, and that the assignee has not been discharged, then the finding should be for the defendant; and refused an instruction of the opposite effect. These were all the instructions asked or given and thereupon plaintiff took a non-suit with leave, etc.

From this transcript it appears plaintiff was declared a bankrupt on his own petition on the third of August, 1878. An assignee was appointed, who qualified and received a deed of assignment in September following. Although the schedules disclose a number of creditors including debts to the amount of $17,000, upon which defendant was bound as surety, yet none of the credi-

tors proved up their demands. On the fifteenth of March, 1879, an order was made allowing the accounts of the register, clerk and assignee and a balance of $1.28 was ordered to be paid the bankrupt and on the same day the bankrupt received his discharge. Admissions contained in the pleadings, taken in connection with the transcript, further show that in 1880 certain creditors, at the instance of defendant, filed their petition to set aside the discharge on the ground that plaintiff had fraudulently withheld some $14,000 in money. This petition was dismissed in the same year with the consent of defendant. The demands here sued for were not scheduled or mentioned in any of the proceedings in bankruptcy. This suit was commenced in November, 1881.

The assignee became entitled to the property of the bankrupt fraudulently conveyed, concealed or inadvertently omitted, as well as that scheduled and surrendered, and was the proper party to sue for and recover the same. He acquired the right and title thereto by virtue of the proceedings in bankruptcy and the deed of assignment. So long as the proceedings were pending he was the only proper party to sue ; and the creditors were bound to assert their rights as creditors by and through the assignee. *Glenny v. Langdon*, 93 U. S. 20 ; *Trimble v. Woodhead*, 102 U. S. 647 ; *Moyer v. Dewey*, 103 U. S. 301. But the assignee is but a trustee for the creditors and bankrupt. The machinery of the law is designed to enable him to collect the assets, convert the assigned property into money and distribute the same among the creditors. His trust ceases when all this is done and the proceedings are brought to an end. Whatever there is in his hands after the debts are paid and his active duties are performed becomes the property of the bankrupt by operation of law, without any formal discharge of the assignee or retransfer. Perry on Trusts (3 Ed.) secs. 351-2-3, 920 ;

*Conner v The Southern Express Co.*, 42 Ga. 37 ; *Page v. Waring*, 76 N. Y. 463.

Here no debts were ever proved up ; the balance of fees was ordered paid to the bankrupt ; the petition to vacate the bankrupt's discharge was dismissed, and no proceedings have been taken by the assignee or the creditors to assert any claim to the alleged demands sued for. As the record stands there is but one conclusion and that is that the assignee's trust had ceased. The plaintiff may maintain this suit, and if defeated it must be upon facts other or additional to those hypothecated in the instructions. It also follows that the motion to strike out that part of the reply which sets up in substance that the assignee had no further duties to perform, and that the debts were paid, should have been overruled. For these errors the judgment must be reversed and the cause remanded for new trial.

While the record does furnish evidence that the demands now sued for, if such there are in fact, were fraudulently concealed by the bankrupt, and on the other hand that the alleged settlement of the parties about the petition to set aside the discharge was withdrawn, was really a scheme to defeat the ends of the bankrupt law, still the record does not furnish all the evidence, at least no questions of law are preserved in this respect, and we dismiss the consideration of the questions arising upon such evidence until they are presented in a tangible shape.

Judgment on non-suit is reversed and cause remanded. The other judges concur.