GRIFFIN *v.* MUTUAL LIFE INSURANCE COMPANY.

1. A trustee in bankruptcy may, but need not, intervene as plaintiff in a suit brought by the bankrupt before the adjudication in bankruptcy.
2. If no trustee is appointed, or if the bankrupt court does not consider it to the interest of the estate to permit the trustee to prosecute the suit previously brought by the bankrupt, the action does not thereby abate, nor is the bankrupt's debtor discharged from liability in the pending action.
3. The bankrupt may have an interest in the recovery as the source from which he may receive any homestead exemption to which he is entitled, and he also has the right to enlarge the estate for the benefit of his own creditors.
4. If the bankrupt ultimately recovers in such suit, and any question arises as to the right of the trustee to the money when paid, or of the defendant to be protected in paying it to the proper party, both may be secured by appropriate action being taken for that purpose at a later stage of the cause.
5. If the failure to elect or appoint a trustee in bankruptcy in any way injured the rights of creditors, it did not discharge the bankrupt's debtor, nor destroy the bankrupt's reversion in the chose in action after his creditors had lost or exhausted their rights thereto.

Argued February 18, — Decided March 4, 1904.

Complaint.    Before Judge Reid.    City court of Atlanta.    January 19, 1903.

On November 23, 1901, Griffin brought suit against the Mutual Life Insurance Company of New York, for $244, alleged to be due as commissions on policies of insurance written by him as agent of the company.    The defendant appeared and answered; and, on June 19, 1903, amended its answer by alleging that on December 5, 1901, the plaintiff had been duly adjudicated a bankrupt, and moved to dismiss the suit on this ground.    This issue was submitted to the judge without a jury, it being admitted that Griffin had been adjudicated a bankrupt on the day named; that no creditors were present at the creditors' meeting; that no trustee was appointed by the creditors or the referee; and that during the pendency of the suit the bankrupt was duly discharged.    The court sustained the motion, and Griffin excepted.

*Lowndes Calhoun,* for plaintiff.    *J. H. Gilbert,* for defendant.

LAMAR, J. (after stating the foregoing facts.)    We infer from the briefs and argument that the defendant insisted in the court' below that the title to the chose in action, on which suit had been brought in the State court, vested by operation of law in the trustee in bankruptcy, and that the suit should be dismissed, because' the company would not be protected in any payment it might make to the plaintiff, if thereafter sued for the same cause of action by the trustee.    Under the bankrupt act of 1868, it was held to be no defense to an action for a debt that the creditor had become a bankrupt.  ·  After title vested in the assignee, and he with notice permitted a pending suit to proceed in the name of the bankrupt, he was bound by any judgment that might be rendered. Under the act of 1898, the trustee may intervene, but is not bound to do so; but on his failure to have himself substituted as plaintiff, the suit does not abate.    It may still be prosecuted by the bankrupt.  See Thatcher v. Rockwell, 105 U. S. 407; Reed v. Paul, 131 Mass. 129; Herring v. Downing, 146 Mass. 10 ; 30 Stats. at Large, 549, § 9 (2), (c).    The case here is much stronger, for there is no trustee.    The creditors and referee alike treated the recovery as so doubtful and contingent as not to warrant the appointment of a trustee to prosecute the pending suit.    Non-action on their part did not release the insurance company of its liability.    Although the plaintiff in the action had been adjudicated a bankrupt and discharged, he may have had an interest in the recovery as being the only source out of which he could obtain any homestead exemption to which he was entitled.    But irrespective of his own pecuniary interest, and assuming that the recovery, if any, would enure to the creditors, it was his right to have them receive as large a dividend as possible.    While the two bankrupt acts are not identical, there is nothing in the present statute which makes inapplicable the former rulings of this court to the effect that the fact that a plaintiff in the State court had been adjudicated a bankrupt did not prevent him from proceeding in the pending suit for the benefit of whom it might ultimately concern, where the representative of the creditors did not intervene.    Gilmore v. Bangs, 55 Ga. 403 (3).    If in such cases there is a recovery, and any question arises as to the right of the trustee or creditors to the money, or as to the defendant's being protected in paying it to the proper party, this may be secured by subsequent steps being then

taken for that purpose. "There need be no danger of paying the debt twice." *Southern Express Co.* v. *Connor,* 49 *Ga.* 415. If the failure to elect a trustee has in any way injured the rights of creditors, it has not discharged the insurance company from the liability under which it may rest, nor has it destroyed the bankrupt's reversion in the chose in action after his creditors have lost or exhausted their rights thereto.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*