BENNETT *v*. ASSOCIATED THEATERS.

1. SALES—BREACH OF CONTRACT—UNDISPUTED TESTIMONY PRESENTS NO ISSUE FOR JURY.

In action for breach of contract of sale of buildings to be removed, undisputed testimony that plaintiff tendered balance of purchase price on or before due date, and that defendants, without putting plaintiff in default by tendering him possession and title papers, wrecked buildings within time allowed him by contract to remove them, presented no issue for jury on defendants' liability.

2. BANKRUPTCY—INTERVENTION OF TRUSTEE IN ACTION COMMENCED BY BANKRUPT OPTIONAL.

Under section 11c of bankruptcy act (11 USCA § 29[c]), intervention of trustee in action commenced by bankrupt before petition in bankruptcy was filed is optional, subject to approval of court, and in absence of application by trustee for substitution, action may be prosecuted by bankrupt.

3. SAME—PRESUMPTIONS—RIGHT OF BANKRUPT TO PROSECUTE CLAIM.

Estate of bankrupt having been closed, presumption is that claim in action pending was properly left in bankrupt's hands for prosecution.

4. SAME—PAYMENT OF CLAIM TO BANKRUPT.

Apprehension of defendants in action prosecuted by bankrupt that they may be compelled to pay twice may be allayed by appropriate action of bankruptcy court on their petition.

5. SALES—BREACH OF CONTRACT—DAMAGES—INSTRUCTION.

In action for breach of contract of sale of buildings to be removed, instruction of court, on question of damages, that jury should use as basis fair cash value or worth of buildings as they stood, keeping in mind that they were to be removed from premises, and allow such worth less agreed purchase price, was correct.

Error to Wayne; Weimer (George V.), J., presiding. Submitted June 12, 1929. (Docket No. 86, Calendar No. 34,300.) Decided July 8, 1929.

Assumpsit by John W. Bennett against Associated Theaters Corporation and others for breach of contract. From judgment for plaintiff, defendants bring error. Affirmed.

*Harry J. Lippman,* for plaintiff.

*Ralph E. Routier,* for defendants.

FEAD, J. August 23, 1923, the corporate defendants, by Robertson, who was president of both, contracted in writing to sell plaintiff a house and barn, to be removed from the premises, for $1,000, of which $100 was paid down, $400 August 27th. Defendants did not own the premises but Associated Theaters Corporation had contracted to purchase them. Plaintiff was to pay the balance of the purchase price of the house and barn upon showing of title in defendants and upon delivery to him of good title papers and possession, and was to remove the buildings within 30 days after receiving possession.

The contract contemplated closing of the deal within 60 days, but title was not obtained by defendants until February 15, 1924, when Robertson took deed and conveyed to Imperial Building Corporation. The vendor continued in possession until April 4th. By letters to the plaintiff, Imperial Building Corporation, which was handling the transaction, advised him that the date of delivery of possession would be April 15th. Plaintiff made a tender of the balance due, which was refused. He and his attorney testified the tender was made on April 14th. The secretary of defendant admitted the tender and its refusal, uncertainly denied that it was made on the 14th but did not deny it may have been made on the 15th. The tender was not refused on the ground of expiration of time.

Defendants wrecked the building. Accepting their statement, they began a few days after the 15th, after tender by plaintiff and without having made tender of the title papers or possession. Plaintiff brought suit on September 3, 1924. The court directed a verdict in his favor, leaving to the jury only the amount of damages. The judgment runs against the corporate defendants, the suit having been dismissed as to Robertson by stipulation of counsel.

Defendants' counsel contends the testimony raised a jury question on whether defendants breached the contract. In his brief counsel has not pointed out the dispute either by quotation or citation. It was undisputed that defendants wrecked the building before putting plaintiff in default by tendering him possession and title papers. Also, plaintiff had at least until April 15th to make payment, there was no dispute that he made tender on or before that date, and defendants wrecked the buildings within the 30 days allowed plaintiff by the contract to remove them. There was no jury issue on liability.

Defendants contend plaintiff cannot maintain the action because he is not the real party in interest (3 Comp. Laws 1915, § 12353), as he was adjudged a bankrupt on July 9, 1925, and under section 70a of the bankruptcy act (11 USCA § 110 [a]), his title to the cause of action vested in the trustee.

The petition in bankruptcy was filed June 23, 1925, after commencement of this action. The trustee was appointed February 9, 1926, and discharged and the estate closed as a "no assets" case on June 28, 1926. Section 11 c of the bankruptcy act (11 USCA § 29 [c]) provides:

"A trustee may, with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him."

The intervention of the trustee is optional and subject to the direction of the court. The statute was evidently so enacted because it may not be for the best interest of the estate to incur the expense of prosecuting claims of doubtful value. Unless the trustee intervenes, the bankrupt may continue prosecution of the action.

"An action by or against the bankrupt in the State court does not abate upon the adjudication in bankruptcy or appointment of a trustee, and in the absence of an application by the trustee for substitution it may be prosecuted or defended by the bankrupt." *Hahlo* v. *Cole*, 112 App. Div. (N. Y.) 636 (98 N. Y. Supp. 1049).

See, also, *Melnick* v. *Commercial Cas. Ins. Co. of Newark*, 221 App. Div. (N. Y.) 599 (224 N. Y. Supp. 516); *Weaver Mercantile Co.* v. *Thurmond*, 68 W. Va. 530 (70 S. E. 126, 33 L. R. A. [N. S.] 1061); *Griffin*

v. *Mutual Life Ins. Co.*, 119 Ga. 664 (46 S. E. 870);
*Thatcher* v. *Rockwell*, 105 U. S. 467; *Johnson* v. *Collier*, 222 U. S. 538 (32 Sup. Ct. 104).

The estate having been closed, the presumption is that the control of the claim was properly left in the hands of the bankrupt (*Conner* v. *Southern Express Co.*, 42 Ga. 37 [5 Am. Rep. 543]), and he may continue prosecution of all actions pending at the time of his bankruptcy and which remained unsettled. Black on Bankruptcy (4th Ed.), § 358; *Peery* v. *Carnes*, 86 Mo. 652.

In case the defendants have apprehensions that they may be compelled to pay twice, they may be allayed by appropriate action of the bankruptcy court on their petition. *Johnson* v. *Collier, supra; Griffin* v. *Mutual Life Ins. Co., supra.*

The court charged in substance that, in determining damages, the jury should find and use as a basis the fair cash value or worth of the buildings as they stood, keeping in mind that they were to be removed from the premises, and allow such worth, less the agreed purchase price. The charge was correct. The amount allowed by the jury can be computed precisely from the testimony. It has not the appearance of a compromise verdict. The reduction by the court was ample, within the testimony, and, as entered, the judgment is not excessive.

Defendants' other contentions are without merit, and need no discussion.

Judgment is affirmed.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.