[No. 26526. Department One. September 8, 1937.]

PUGET SOUND MACHINERY DEPOT, *Appellant,* v. J. M. CLAPP *et al., Defendants,* W. S. BASSAGE, *as Trustee in Bankruptcy, Respondent.*[1]

*Wright, Jones & Bronson* and *Story Birdseye,* for appellant.

*Bogle, Bogle & Gates* and *George T. Nickell,* for respondent.

GERAGHTY, J.—This appeal is from an order of the superior court of King county granting a new trial.

In April, 1932, the appellant corporation, Puget Sound Machinery Depot, instituted suit in the superior court of King county against J. M. Clapp and the United States Fidelity & Guaranty Company to recover a balance alleged to be due appellant as a subcontractor in the installation of a pipe line for the city of Seattle. Clapp was the principal contractor on the

[1] Reported in 71 P. (2d) 174.

project. The United States Fidelity & Guaranty Company executed a bond to the city insuring the performance of the contract by Clapp.

Clapp entered no appearance in the action. The bonding company, after answer, was dismissed from the case.

Clapp was adjudicated a bankrupt October 15, 1932, and respondent, W. S. Bassage, was appointed, and qualified, as trustee in bankruptcy.

May 22, 1933, the respondent trustee, upon an *ex parte* application, secured an order authorizing him to intervene in the appellant's action by answer and complaint in intervention. The answer denied the appellant's claim, and the complaint in intervention affirmatively alleged that the appellant had been dilatory in the performance of its subcontract, resulting in damages to Clapp totaling $31,500; that this claim was an asset of the bankruptcy estate, and asked judgment against the appellant for that amount.

Appearing specially, the appellant interposed a motion to quash and strike the answer and complaint in intervention, and also demurred on the ground that the complaint did not state facts sufficient to sustain the intervention.

At a hearing had prior to the trial, the demurrer was overruled and the motion to strike denied. Thereafter, when the case was called for trial, appellant, still preserving its special appearance, renewed its demurrer and motion to quash, and, after argument, an order was entered sustaining the demurrer, granting the motion to strike, and dismissing the action in intervention. Subsequently, on motion interposed by the respondent, an order was entered granting a new trial. The present appeal is from this order.

The appellant's sole contention is that the respondent, as trustee in bankruptcy, was not entitled to inter-

vene in the action, and that the order allowing him to do so was improper.

In stating the ground upon which the new trial was granted, the order recites:

"The court finds that while it is doubtful that the intervention was proper, in any event the ends of justice require that the intervention should be considered as a petition for substitution of W. S. Bassage as Trustee in Bankruptcy for J. M. Clapp, and that W. S. Bassage as such trustee had the right to be and was so substituted as of the time of said intervention. . . ."

■ We think the trial court correctly ruled that the trustee in bankruptcy was entitled to be substituted for the bankrupt in the pending action.

Section 70 of the Bankruptcy Act, 11 U. S. C. A., § 110, provides:

"(a) The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all (1) documents relating to his property; . . . and (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

Under this provision of the bankruptcy law, the trustee succeeded to any right of action the bankrupt might have had against the appellant growing out of the contract.

The appellant, predicating its argument upon a literal construction of our state statute regulating intervention, Rem. Rev. Stat., § 202 [P. C. § 8280], argues that the respondent was not entitled to intervene, because he stood neither to lose nor gain by the result of the action, since the time for proving claims against

the bankrupt estate had expired before the application for intervention had been made. Cases cited by appellant, having relation to the question of intervention generally and the conditions under which it may be permitted, are not entirely controlling in what is denominated intervention in bankruptcy cases, but is in reality substitution. Some of the text books on bankruptcy use the terms interchangeably, as, for instance, 5 Remington on Bankruptcy, § 2130, p. 207, where it is said:

"MANNER OF INTERVENTION.—The intervention may be by way of substitution of the trustee for the bankrupt."

And, again, § 2131, p. 208:

"TRUSTEE BOUND AS ANY OTHER LITIGANT, ON INTERVENTION.—When the trustee is substituted for the bankrupt, his submission to the jurisdiction binds him to the judgment rendered, subject only to his rights as a litigant in the state courts."

While the petition of the respondent was entitled as for intervention and its complaint was denominated one in intervention, what was sought, in fact, was substitution; and his answer set up the defenses and his complaint sought the relief that the bankrupt himself might have pleaded. It is said that, if the trustee does not elect to substitute himself in the suit, the bankrupt may continue as a defendant to contest the action and prosecute the counterclaim.

"Under the act of 1898, the trustee may intervene, but is not bound to do so; but on his failure to have himself substituted as plaintiff, the suit does not abate. It may still be prosecuted by the bankrupt. See *Thatcher v. Rockwell*, 105 U. S. 407; *Reed v. Paul*, 131 Mass. 129; *Herring v. Downing*, 146 Mass. 10; . . ." *Griffin v. Mutual Life Ins. Co.*, 119 Ga. 664, 46 S. E. 870.

Any recovery had on his complaint by the respondent would be an asset of the estate, redounding to the profit of its creditors. Furthermore, while the right of substitution in any given case is to be determined by the state court, the policy of the substitution, in so far as it affects the bankrupt's estate and the rights of the creditors, is to be decided, in the first instance, by the trustee, and his decision that it is necessary or advantageous for the estate to enter the pending litigation should have great weight with the court in the exercise of its discretion.

In a somewhat similar case in Indiana, *Crouch v. Fahl,* 63 Ind. App. 257, 113 N. E. 1009, the court said:

"The court's action in substituting the trustee in bankruptcy to prosecute the cause of action presented by the counterclaim is challenged. It is not controverted that the claim declared on by the counterclaim, if it existed, passed to the trustee by virtue of the bankruptcy proceeding. Such being the case, the trustee is the real party in interest as to such claim. The substitution, therefore, appears to have been proper."

Concluding that the trial court did not abuse its discretion in granting a new trial, the effect of which was to permit the substitution of the respondent in the pending action, the order appealed from is affirmed.

MILLARD, MAIN, BLAKE, and ROBINSON, JJ., concur.