## In re CHICAGO, R. I. & P. RY. CO.
## MEYER v. FLEMING et al.
### No. 8585.

Circuit Court of Appeals, Seventh Circuit.
June 6, 1945.

Walter E. Meyer, of New York City, and Isaac E. Ferguson and Sonnenschein, Berkson, Lautmann, Levinson & Morse, all of Chicago, Ill., for appellant.

Otis F. Glenn, Wm. F. Peter, and Marcus L. Bell, all of Chicago, Ill., for appellee.

Before EVANS and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from an order disallowing a claim in proceedings for reorganization of The Chicago, Rock Island and Pacific Railway Company.[1]

Claimant-appellant filed a claim on behalf of himself and other stockholders of St. Louis alleging that debtor was indebted to

---

[1] Hereinafter the parties will be referred to as follows: The Chicago, Rock Island and Pacific Railway Company as "debtor." St. Louis Southwestern Railway Company as "St. Louis." Kansas City Southern Railway Company as "Kansas."

St. Louis by reason of damages sustained for its participation in a conspiracy by which St. Louis was controlled by debtor, also a cause of action arising out of a conspiracy in which Kansas and debtor participated by which St. Louis was controlled, and a cause of action for an accounting for profits realized by debtor as a result of the purchase and subsequent sale to Kansas of its dominant stock interest in St. Louis. Both of said last two conspiracies, it is claimed, were in breach of a fiduciary relationship existing between debtor and St. Louis.

On December 12, 1935, St. Louis filed in the United States District Court for the Eastern District of Missouri a petition for reorganization under § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, and on January 3, 1936, a trustee was appointed for St. Louis. January 16, 1936, the trustees of debtor filed objections to appellant's claim alleging that by reason of the reorganization proceeding and the appointment of a trustee for St. Louis, any right of action for the alleged wrongs set forth in the claim became vested in the trustee of St. Louis and claimant could no longer prosecute the claim.

The claim and the objections were referred to a master. He heard the evidence and filed his report in which he found that a trustee had been appointed by the United States District Court for the Eastern District of Missouri under § 77 of the Bankruptcy Act; that claimant had filed a petition before the Interstate Commerce Commission in the reorganization proceedings involving St. Louis based upon the allegations set forth in the claim filed in the case before us; and that the Commission had found that there was not sufficient evidence of a claim against the debtor to justify an investigation. From these findings the master concluded, inter alia, that the prosecution by a stockholder of a claim belonging to a corporation ceases when a trustee for the corporation is appointed in a reorganization proceeding under § 77 of the Bankruptcy Act; that prosecution of claims on behalf of St. Louis or its trustee was in the exclusive jurisdiction and authority of the District Court of Missouri; and that since that court had not authorized claimant to prosecute the claim, nor had the court or trustee of St. Louis adopted the claim, he recommended that the claimant should not be permitted to maintain his claim. The District Court adopted the master's findings of fact, overruled exceptions and objections to the report, and entered the order from which this appeal is prosecuted.

In the order the court stated: "While a debtor's property is being administered upon in a Bankruptcy Court, it would be inconsistent to have rights of action in favor of the debtor enforcible by its stockholders at their own will and discretion. If a trustee should refuse or fail to act, the stockholders may request the Court to issue appropriate instructions to the trustee. The record here does not show that claimant ever requested such action or obtained permission from the District Court for the Eastern District of Missouri to prosecute this claim."

Claimant-appellant, in arguing for a reversal of the order, insists that since the procedure in interstate railroad reorganization under § 77 is substantially that of an equity receivership, the appointment of the trustee did not prevent the continued prosecution of a claim filed previous to the appointment and cites, among other cases, the cases appearing in the margin.[2] With this contention, under the circumstances here appearing, we cannot agree.

By the provisions of § 77, subs. a and c (2), the court has exclusive jurisdiction of the debtor and its property, wherever located, and has and may exercise in addition to the powers conferred by that section all the powers which a Federal court would have if it had appointed a receiver in equity of the property of a debtor for any purpose, and when a trustee is appointed he shall have all the title and shall exercise all of the powers of a trustee appointed pursuant to section 72 or any oth-

---

[2] Johnson v. Collier, 222 U.S. 538, 32 S.Ct. 104, 56 L.Ed. 306; Paradise v. Vogtlandische Maschinen-Fabrik, 3 Cir., 99 F.2d 53; Bluegrass Canning Co. v. Steward, 6 Cir., 175 F. 537; In re Prudence Bonds Corporation, 2 Cir., 75 F. 2d 262; United States v. Tacoma Oriental S. S. Co., 9 Cir., 86 F.2d 363; Thompson v. Terminal Shares, 8 Cir., 104 F.2d 1; Boston Elevated R. Co. v. Paul Boyton Co., 1 Cir., 211 F. 812; Missouri, K. & T. Trust Co. v. German National Bank, 8 Cir., 77 F. 117; and Hartford Accident & Indemnity Co. v. Federal Bond & Mortg. Co., 8 Cir., 59 F.2d 950; Thatcher v. Rockwell, 105 U.S. 467, 26 L. Ed. 949; Bennett v. Associated Theatres Corp., 247 Mich. 493, 226 N.W. 239; and Griffin v. Mutual Life Ins. Co., 119 Ga. 664, 46 S.E. 870.

er section of this title, 11 U.S.C.A. § 205, subs. a and c (2).

At this point it may be desirable to discuss some of the cases cited by appellant.

In Johnson v. Collier, 222 U.S. 538, 32 S.Ct. 104, 56 L.Ed. 306, the court did no more than to approve the action of a petitioner in bankruptcy who had, after the filing of his petition but before adjudication and before appointment of a trustee, instituted a suit to protect the assets of his estate. In re Prudence Bonds Corporation, 2 Cir., 75 F.2d 262, is cited because in that case, in discussing the question of jurisdiction, the court stated that Congress did not intend the bankruptcy court in proceedings under § 77B, 11 U.S.C.A. § 207, to take over all litigation between a debtor and third persons. The facts were that Prudence filed its petition under § 77B of the Bankruptcy Act, and the court appointed trustees. Radin, the holder of one of Prudence's bonds, filed a suit in a state court against the indenture trustee for an accounting of income from the pledged mortgages. The District Court stayed the prosecution of the suit and Radin appealed. In affirming, the appellate court stated that the order was merely ancillary to preserve the pledge pendente lite; to prevent its dissipation in accordance with the terms of the deed.

The case of Thompson v. Terminal Shares, 8 Cir., 104 F.2d 1, is cited as tending to show that there was little or no enlargement of the jurisdiction of the reorganization court under § 77. Even so, the case did not involve the prosecution of a claim by anyone else than Thompson. The facts were that Thompson, as trustee, sought to bring into the reorganization court the owners of property against which Thompson was asserting a claim. True, Thompson contended that by the language of § 77, sub. a, the jurisdiction of the reorganization court was enlarged so as to allow suit to be brought in that court claiming title to property adversely to the debtor even though the property and the defendants claiming adversely were not within the court's jurisdiction, but the net result of that case is that the court held it did not have jurisdiction to reach the claimed asset by a summary proceeding.

Neither in Thatcher v. Rockwell, 105 U. S. 467, 26 L.Ed. 949; Boston Elevated Ry. Co. v. Paul Boyton Co., 1 Cir., 211 F. 812; Bennett v. Associated Theatres Corporation, 247 Mich. 493, 226 N.W. 239; and Griffin v. Mutual Life Ins. Co., 119 Ga. 664, 46 S.E. 870, nor in any of the other cases cited by claimant, were there statutes making applicable the "exclusive jurisdiction" clause in § 77, sub. a.

It will not be necessary to discuss the other cases cited since they, too, are inapplicable or are distinguishable on the facts.

While it is true that a corporation is a distinct entity from its stockholders and all the corporate powers and rights including the right to sue in its own name are vested in the corporation and not in the stockholders, yet it is well settled that under certain circumstances a stockholder may sue to protect his interests in the corporation, such as in the case where the stockholder sues to enforce a cause of action in favor of the corporation arising from failure of the directors of the corporation to perform their duty in respect to the cause of action, but such a suit is still a suit to enforce a right of the corporation, Porter v. Sabin, 149 U.S. 473, 13 S.Ct. 1008, 37 L.Ed. 815; Kelly v. Dolan, 3 Cir., 233 F. 635, and when the corporation becomes insolvent and a receiver of all its estate and effects is appointed by a court of competent jurisdiction, the right to enforce a cause of action and all other rights of property of the corporation vest in the receiver, and he is the proper party to bring suit, Porter v. Sabin, supra, 149 U.S. 478, 13 S.Ct. 1008, 37 L.Ed. 815; Klein v. Peter, 8 Cir., 284 F. 797, 29 A.L. R. 1497; and Reagan v. Midland Packing Co., 8 Cir., 8 F.2d 954. Upon the appointment and qualification of the receiver, the estate of the insolvent corporation including all its rights of action, pass into the custody of the law, and its administration is wholly under the control of the court by its receiver, Atlantic Trust Co. v. Chapman, 208 U.S. 360, 28 S.Ct. 406, 52 L.Ed. 528, 13 Ann.Cas. 1155, and he and he alone (in this case, the trustee) is the proper party to maintain suits for the recovery of any money due to the corporation. If the court must pass upon the desirability of filing a corporate claim, it is of equal importance that it pass upon the desirability of proceeding with the suit, Adler v. Seaman, 8 Cir., 266 F. 828, and Seaman v. McCulloch, 8 Cir., 8 F.2d 820; consequently, the continuance without court permission of a prosecution previously begun is equally inconsistent with those powers of exclusive management.

The question remains whether what we have said is applicable to reorganization proceedings under § 77 of the Bankruptcy Act. We have already observed that when a trustee is appointed he shall have all the title and shall exercise all the powers of a trustee appointed pursuant to any section of this title, 11 U.S.C.A. § 205, sub. c (2); hence we see no reason why it should not apply.

For the reasons stated, the order of the District Court is affirmed.