(112 App. Div. 636)

### HAHLO et al. v. COLE.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. ABATEMENT AND REVIVAL—BANKRUPTCY OF PARTY.

An action by a bankrupt in a state court docs not abate upon the adjudication in bankruptcy or appointment of a trustee, and, in the absence of an application by the trustee for substitution, it may be prosecuted by the bankrupt.

2. BANKRUPTCY—ACTIONS BY BANKRUPT—SUBSTITUTION OF TRUSTEE—CONSENT OF COURT.

Under Bankr. Act July 1, 1898, c. 541, § 11, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426], declaring that a trustee may, with the approval of the court, prosecute any suit commenced by the bankrupt prior to the adjudication etc., it is improper for a trustee to be substituted as plaintiff in a suit in a state court by a bankrupt without first obtaining the consent of the federal court to such substitution.

Appeal trom Special Term.

Action by Henry C. Hahlo and others against John B. Cole. From an order substituting Ernest P. Burritt as trustee in bankruptcy of the original plaintiffs as party plaintiff, defendant appeals. Reversed, with leave to renew the motion for substitution.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

David T. Davis, for appellant.

Frank H. Curry, for respondent Ernest P. Burritt.

Henry M. Wise, for respondents Henry C. Hahlo and others.

LAUGHLIN, J. The former plaintiffs in this action were co-partners, and they instituted the action upon a firm account for stock sold and delivered to the defendant. Subsequent to the commencement of the action, the plaintiffs were duly adjudged bankrupts by decree of the United States District Court for the Southern District of New York, and the respondent Burritt was duly appointed trustee in bankruptcy. The motion for substitution was opposed upon the ground that the trustee failed to show that he had been authorized by the federal court to intervene in the action. The objection was overruled, evidently upon the ground that the interest of the former plaintiffs had been transferred to the trustee, and that the court was therefore authorized by section 756 of the Code of Civil Procedure to direct that the trustee be substituted in their place.

Undoubtedly, the claim in litigation passed to the trustee in bankruptcy, and he had a duty to perform with respect to the collection thereof. Sections 70a, 21e, 21g, c. 541, Act July 1, 1898, 30 Stat. 565, 552 [U. S. Comp. St. 1901, pp. 3451, 3430] and section 11 and section 23, subd. "b," 30 Stat. 549, 552 [U. S. Comp. St. 1901, pp. 3426, 3431]. The trustee, however, in the performance of his duties, is subject to the order and direction of the federal court. Section 24, subd. "b," Bankr. Act.

Section 11 of the bankruptcy act provides as follows:

"A trustee may, with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him."

The question arises as to whether this statutory provision has reference to the court in which the suit is pending or to the federal court. It was evidently the view of the Supreme Judicial Court of Massachusetts that it refers to the federal court and requires the consent of that court before an action in a state court by or against the bankrupt can be prosecuted or defended by the trustee, for in Callahan v. Israel, 186 Mass. 383, 71 N. E. 812, where a demurrer had been interposed to a complaint in an action brought by a trustee in bankruptcy, upon the theory that it was essential, even in an original action by him, to allege, as a condition precedent to his right to maintain the same, the consent of the federal court, the court, in overruling this objection, said:

"The title to the estate is vested in the trustee. Act July 1, 1898, c. 541, 70a, 21e, 21g, 30 Stat. 565, 552 [U. S. Comp. St. 1901, pp. 3451, 3430].

There is no reason to hold that he has not the right of an owner to bring suit to collect his property save as it is clearly limited by the act. The only limitations are found in section 11, and relate to suits brought by or against the bankrupt before the proceedings in bankruptcy and pending after the appointment of the trustee."

A like view was taken by the Supreme Court of Georgia. Trades Ins. Co. of Chicago v. Mann, 11 Am. Bankr. R. 269–272, 45 S. E. 426. The Circuit Court in this district has construed this statute as requiring the consent of the federal court, and has adopted the practice of granting such consent in the form of an order authorizing the trustee to apply to the state court for substitution. In re Price (D. C.) 92 Fed. 987.

It is manifest that it may not be for the best interests of the estate of a bankrupt to have the trustee intervene to prosecute and defend all actions pending in favor of or against the bankrupt, and this was doubtless the theory upon which the statutory provision was enacted. See Collier on Bankruptcy (5th Ed.) p. 141; In re Price, supra. It is, at least, doubtful whether the trustee has authority to prosecute or defend an action pending at the time of his appointment without the consent of the federal court. An action by or against the bankrupt in the state court does not abate upon the adjudication in bankruptcy or appointment of a trustee, and, in the absence of an application by the trustee for substitution, it may be prosecuted or defended by the bankrupt.

There is no force in the suggestion that the trustee is not disqualified from obtaining the order for substitution because section 11 of the bankruptcy act only requires authority of the federal court to permit him to prosecute or defend the action, and that the prosecution or defense of the action cannot be commenced until after he has been substituted as a party. Since the federal court can control the prosecution of the action by the trustee, there is no propriety in allowing the substitution until it is determined that it is to be effective. See Baer v. McCullough, 176 N. Y. 97–103, 68 N. E. 129. Therefore, without deciding that the substitution is unauthorized, unless the consent of the federal court thereto is first obtained and affirmatively shown, we are of opinion that it is improper, and that the better practice is to require the trustee to show on all such applications that he has obtained the consent of the federal court.

It follows therefore that the order should be reversed, with $10 costs and disbursements, and the motion denied with $10 costs, but with leave to renew on proof of authority from the bankruptcy court. All concur.