GILBERT v. MECHANICS & METALS NAT. BANK OF CITY OF NEW
YORK.

(Supreme Court, Appellate Division, First Department.   March 17, 1916.)

**1. ABATEMENT AND REVIVAL** ⊝⇒43—EFFECT OF ADJUDICATION IN BANKRUPTCY.
An action in the state court does not abate upon plaintiff's subsequent adjudication as a bankrupt and may be continued by him unless the trustee in bankruptcy obtains leave of the federal court and becomes substituted as plaintiff, in which case, under the direct provision of Code Civ. Proc. § 756, the action may be continued by the trustee in the name of the original party, unless the court directs a substitution.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 222–225; Dec. Dig. ⊝⇒43.]

**2. BANKRUPTCY** ⊝⇒178(3)—PREFERENCES—EFFECT OF.
While by Bankr. Act July 1, 1898, c. 541, § 3, 30 Stat. 546 (U. S. Comp. St. 1913, § 9587), a general assignment under the state laws for the benefit of creditors is an act of bankruptcy and the assignment may be avoided, without any action or proceeding to have it so adjudicated, by the institution of bankruptcy proceedings within four months thereafter, nevertheless the assignment is valid when made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 221, 283, 284; Dec. Dig. ⊝⇒178(3).]

**3. PLEADING** ⊝⇒165—REPLY—RIGHT TO DEMAND.
One month after a general assignment under the state laws for the benefit of creditors was made a petition in bankruptcy was filed against the assignors, and they were thereafter adjudicated bankrupts; a trustee being appointed. The assignee for creditors instituted an action against defendant to recover any balance due on his assignor's account. Defendant by its answer set up the assignor's bankruptcy, that the assignee had been directed to turn over to the trustee in bankruptcy all assets received by him as such, that the cause of action had vested in the trustee, but that defendant's motion requiring the trustee to apply for substitution as plaintiff in the action had been denied by the referee in bankruptcy. *Held* that, as a reply may be required unless it is quite clear that the defense to which it is asked to be made is insufficient in law, defendant's motion to require the assignee to file a reply to its answer should have been granted; it being a doubtful proposition whether, after adjudication in bankruptcy, all rights did not pass to the trustee in bankruptcy despite the assignment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321, 323; Dec. Dig. ⊝⇒165.]

Appeal from Special Term, New York County.

Action by Francis Gilbert, as assignee of Alessandro Bolognesi and Aldo Bolognesi, formerly doing business as A. Bolognesi & Co., against the Mechanics & Metals National Bank of the City of New York. From an order denying its motion to compel plaintiff to reply to the first defense pleaded in its answer, defendant appeals.   Order reversed, and motion granted.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Frank M. Patterson, of New York City (Franklin H. Mills, of New York City, on the brief), for appellant.
David W. Kahn, of New York City, for respondent.

⊝⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LAUGHLIN, J. This is an action brought by the general assignee for the benefit of creditors of Alessandro Bolognesi and Aldo Bolognesi, who were engaged in business under the name of A. Bolognesi & Co., to recover the balance of their deposit account with the defendant on the 13th day of February, 1914, the day when the assignment was made. In the defense to which the defendant desires a reply it is alleged that on the 12th day of March, 1914, or one month after the general assignment, a petition in bankruptcy was filed against the assignors, and thereafter, and on the 23d day of July, they were duly adjudicated bankrupts, both individually and as members of said firm, in the United States District Court for the Southern District of New York, that trustees in bankruptcy were elected on the 13th of August, who are still acting, and that on November 5th an order was made in the bankruptcy court, directing the plaintiff to turn over to the trustees all assets received by him as such assignee, and that upon so doing he be discharged and his bond as assignee canceled. It is then alleged that the cause of action to enforce which this action is brought is vested in the trustees in bankruptcy and that they only may prosecute the suit. The defendant moved in the bankruptcy court for an order requiring the trustees to apply for substitution as plaintiffs herein. The motion was denied by the referee in bankruptcy, and the opinion shows that the referee in bankruptcy was of opinion that the assignment was not void, but only voidable, and that the denial was upon the theory that it may be for the interests of the creditors to have the action prosecuted by the assignee.

The appellant insists that the assignment, having been made within four months of the bankruptcy, is absolutely void, and that the trustees in bankruptcy take their title from the assignor, and not through the assignee. The object of the defendant in seeking to have a reply interposed to this defense is to have the question of law presented, for it is assumed that the facts set forth in the defense, being matters of record, will, if a reply be required, be admitted.

[1] Where a party, after commencing an action, is adjudicated a bankrupt, the action does not abate, and may be continued by him, unless the trustee in bankruptcy obtains leave of the federal court and becomes substituted in the action as plaintiff (Hahlo v. Cole, 112 App. Div. 636, 98 N. Y. Supp. 1049; Colgan v. Finck, 159 App. Div. 57, 144 N. Y. Supp. 408); but in such case the effect of the bankruptcy is to transfer the title of the plaintiff in the action, and by the express provisions of section 756 of the Code of Civil Procedure the action may be continued in the name of the party by whom it is brought before a transfer of interest. This, however, is not necessarily so where the action is brought by the general assignee for the benefit of creditors of one against whom bankruptcy proceedings are instituted within four months after the assignment, who is subsequently adjudicated a bankrupt; for the application of the rule in such case depends on whether or not the trustee in bankruptcy obtains title through the assignee.

[2] The assignment for the benefit of creditors, made pursuant to the provisions of a state law, is valid when made, notwithstanding the

fact that bankruptcy proceedings are instituted against the assignor within four months thereafter; but by section 3 of the Bankruptcy Act such an assignment is an act of bankruptcy, and according to the decisions of the federal courts it may be avoided, without any action or proceeding to have it so adjudicated, by such bankruptcy proceedings instituted within four months thereafter, in which the assignor is adjudicated a bankrupt. Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165.

[3] The question as to whether the trustee in bankruptcy takes title through the assignor, or through the assignee, is not presented for decision by this appeal, for the well-settled rule is that a reply may be required unless it is quite clear that the defense to which it is asked to be made is insufficient in law. Without expressing a definite opinion on the point, it may be observed that expressions of opinion are found in the adjudicated cases tending to sustain the contention that the cause of action in such case passes to the trustee in bankruptcy, not through the assignee, but in the right of the bankrupt, and that after such adjudication the assignee becomes a mere bailee, with neither title nor right to possession, and, if the property is not in the custody of the state court, becomes accountable to the trustee therefor, on the theory that the title acquired by the assignee is avoided by the adjudication in bankruptcy. See Matter of Gray, 47 App. Div. 554, 62 N. Y. Supp. 618; Whittlesey v. Becker & Co., 142 App. Div. 313, 126 N. Y. Supp. 1046; De Long v. Mechanics & Metals Bank, 168 App. Div. 525, 153 N. Y. Supp. 1010; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Collier on Bankruptcy (10th Ed.) pp. 504, 1003; In re Smith (D. C.) 92 Fed. 135; In re Gutwillig (D. C.) 90 Fed. 475; In re Knight (D. C.) 125 Fed. 35. But see, contra, Pearsall v. Nassau Nat. Bank, 74 App. Div. 89, 77 N. Y. Supp. 11. The point has sufficient merit to entitle appellant to a reply, in order that he may present it by demurrer, if so advised.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. Order filed. All concur.