ISIDOR MELNICK, Respondent, *v.* COMMERCIAL CASUALTY INSUR-
ANCE COMPANY OF NEWARK, NEW JERSEY, Appellant.

First Department, November 4, 1927.

Parties — plaintiff — action on policy of burglary insurance — defense
that plaintiff was adjudicated bankrupt after action commenced —
reply that claim was assigned by trustee to plaintiff — defense not
sufficient — Bankruptcy Act, §§ 47, 70, and Civil Practice Act, § 83,
applied.

The plaintiff commenced this action on a policy of burglary insurance prior to
the time when he was adjudicated a bankrupt. The defendant has interposed
the defense that the plaintiff was adjudicated a bankrupt and that a trustee
in bankruptcy has been appointed. To this defense the plaintiff replied that
the trustee assigned the claim to the plaintiff.

The defense is insufficient in law for the mere adjudication in bankruptcy and the
appointment of a trustee did not deprive the plaintiff of his right to continue
to prosecute the action.

Under sections 47 and 70 of the Bankruptcy Act, the trustee in bankruptcy
may bring an action on contract only under the direction of the court, and in
the present case there is nothing to show that the trustee was directed to con-
tinue the action on behalf of the bankrupt's estate or that the plaintiff, bankrupt,
was restrained from so doing, and, furthermore, the trustee in bankruptcy is
not bound to accept property of an unprofitable character, and is entitled to a
reasonable time in which to elect whether he will accept it or reject it.

The right of a trustee in bankruptcy to take over claims does not create a new
cause of action; only the ownership changes. And under section 83 of the Civil
Practice Act, where there is a transfer of interest, as in this case, the action
may be continued by the original party, unless the court directs the person
to whom the interest is transferred to be substituted or joined with the original
party.

The alleged assignment by the trustee in bankruptcy to the plaintiff may be
regarded as a rejection by the trustee of the property or a waiver on his part
of the right to take over and continue the prosecution of the action.

APPEAL by the defendant, Commercial Casualty Insurance Com-
pany of Newark, New Jersey, from an order of the Supreme Court,
made at the New York Special Term and entered in the office of
the clerk of the county of New York on the 1st day of April, 1927,
denying its motion for judgment on the pleadings.

*Daniel Mungall* of counsel [*Fred H. Rees,* attorneys], for the
appellant.

*Sidney J. Loeb* of counsel [*Prince & Loeb,* attorneys], for the
respondent.

O'MALLEY, J. By the complaint verified September 26, 1924,
the date of the summons herein, the plaintiff has pleaded a good
cause of action for a loss occurring on or about April 26, 1924,

under a policy of burglary insurance issued by the defendant in favor of the plaintiff. The supplemental answer puts the plaintiff generally to his proof and sets up two separate and distinct defenses.

The second separate and distinct alleged defense with which we are concerned is to the effect that after the commencement of this action the plaintiff was on or about *May 4, 1925,* duly adjudged a bankrupt and that on or about *April 20, 1925,* a trustee was duly elected who duly qualified and acted as such. The defense concludes " that on or about the 20th day of April, 1925, by reason of the above premises, the said trustee in bankruptcy was and now is the sole owner and holder of the alleged cause of action set forth in the complaint in this action, and is the real party in interest and the only person now authorized to prosecute this action."

The reply denied each and every allegation of that portion of the defense above quoted, and further alleged: " That subsequent to the times mentioned in the second alleged defense in defendant's supplemental answer, Herman Witt, trustee in bankruptcy of the plaintiff referred to in said second alleged defense, duly remised, relinquished and set over unto this plaintiff, his executors, administrators and assigns, all right, title and interest which he as such trustee had in and to the policy of insurance and the claim thereon, referred to in the complaint and supplemental answer herein."

From the foregoing it is apparent that at the time of the commencement of the action the plaintiff herein was the owner of the cause of action and entitled to sue thereon. His right to further maintain it, however, is sought to be defeated by virtue of the subsequent adjudication in bankruptcy. Such right, it is claimed, has devolved upon the trustee.

In the first place, if the dates concerning the bankruptcy alleged in the answer are correct, it is doubtful whether the appointment of the trustee was valid. The answer alleges that the plaintiff was adjudicated a bankrupt May 4, 1925, and that the trustee was duly elected April 20, 1925. A trustee cannot properly be elected until after the adjudication. (Bankruptcy Act [30 U. S. Stat. at Large, 557], § 44; U. S. Code, tit. 11, § 72.)

But however this may be, the mere adjudication of bankruptcy and the appointment of a trustee does not deprive the bankrupt who has theretofore begun an action, of his right to continue to prosecute. (*Hahlo* v. *Cole,* 112 App. Div. 636; *Colgan* v. *Finck,* 159 id. 57.) It is true that the trustee in bankruptcy, upon his appointment and qualification, is vested, by operation of law, with the title of the bankrupt as of the date of adjudication, even with respect to rights of action arising upon contracts, and is

required, among other things, to collect and reduce to money the property of the estate for which he is trustee. But he must proceed in so doing " under the direction of the court." (Bankruptcy Act [30 U. S. Stat. at Large, 557], § 47, as amd. by 32 id. 799, § 10, and 36 id. 840, § 8; Bankruptcy Act [30 id. 565], § 70, as amd. by 32 id. 800, § 16; since amd. by 44 id. 667, § 16; U. S. Code, tit. 11, §§ 75, 110.) In the case before us there is nothing to show that the trustee was directed to continue the action on behalf of the bankrupt's estate, or the bankrupt to refrain from so doing. It is further to be noted that a trustee in bankruptcy is not bound to accept property " of an onerous or unprofitable character," and that he is entitled to a reasonable time in which to elect whether he will accept or reject the same. If he declines to accept, the bankrupt may assert title thereto. (*First National Bank* v. *Lasater*, 196 U. S. 115; *Sparhawk* v. *Yerkes*, 142 id. 1.)

The right of a trustee in bankruptcy to take over claims belonging to the bankrupt does not create a new cause of action; the cause of action is the same; it is only the ownership thereof that changes. Section 83 of the Civil Practice Act provides that in case of a transfer of interest, the action may be continued by the original party, unless the court directs the person to whom the interest is transferred to be substituted or joined in the action with the original party.

Under these circumstances the plaintiff was entitled to continue the action. Whether the matter in the reply above quoted sufficiently pleads a transfer from the trustee of the right of action back to the plaintiff need not be determined. In any view, the allegations of the reply may be regarded as tantamount and equivalent to a rejection or waiver on the part of the trustee of his right to take over the said cause of action. This being so, the plaintiff, on the facts before us, is entitled to maintain the present proceeding. (*Hahlo* v. *Cole; Colgan* v. *Finck, supra.*)

The case relied on by the defendant as showing a contrary conclusion (*Gilbert* v. *Mechanics & Metals Nat. Bank*, 221 N. Y. 648) is not in point. In that case the dispute was between an assignee for the benefit of creditors and the trustees. The assignee had been directed to turn over all the assets to the trustees. In a prior appeal to this court in the same action (*Gilbert* v. *Mechanics & Metals Nat. Bank*, 172 App. Div. 25), it was strongly intimated that as between the assignee for the benefit of creditors and the trustee in bankruptcy, the latter takes title through the assignor, not the assignee, and that after the adjudication in bankruptcy the assignee becomes a mere bailee with neither title nor right to possession.

This impliedly was the basis of the decision of the Court of Appeals. (*Gilbert* v. *Mechanics & Metals Nat. Bank*, *supra*.)    The distinction between such a situation and the one before us which concerns the rights of the bankrupt and of the trustee is pointed out in the first appeal to this court (172 App. Div. 25, 27), where it was stated: " Where a party, after commencing an action, is adjudicated a bankrupt, the action does not abate, and may be continued by him unless the trustee in bankruptcy obtains leave of the Federal court and becomes substituted in the action as plaintiff    *    *    *."

It follows, therefore, that on the state of the pleadings presented by this appeal, the plaintiff is clearly entitled under all the circumstances to maintain the action.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.