## GULF SMOKELESS COAL CO. et al. v. SUTTON, STEELE & STEELE et al.

Circuit Court of Appeals, Fourth Circuit. November 18, 1929.

No. 2825.

For original opinion, see 35 F.(2d) 433.

Francis W. Parker, Jr., Thomas L. Marshall, and Norman S. Parker, all of Chicago, Ill., for appellants.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. The petition for rehearing presents no point which we have not fully considered. We desire, however, to notice the contention that the question of jurisdiction was raised by the Roberts & Schaefer Company on June 16th before the making of the motion on October 25th, which we have held to be a general appearance. It appears that on June 16th, while the testimony of Warren R. Roberts was being taken, plaintiffs moved that they be permitted to amend their bill "by making Roberts & Schaefer Company, a corporation, a defendant in this cause, which motion was resisted by counsel for the defendant, Gulf Smokeless Coal Company." The court allowed the motion; and the record states that said "Roberts & Schaefer Company objected and excepted, by Russell S. Ritz, attorney of record for the defendant, Gulf Smokeless Coal Company." It is upon this entry that the contention is based.

At the time that this occurred, however, Roberts & Schaefer Company had not been made a party by service of process or otherwise; and no appearance was entered in behalf of that corporation until the filing of the motion of October 25th, which we have held to be a general appearance. The objection and exception entered by counsel for the coal company could not, of course, have the effect of bringing the Roberts & Schaefer Company into court or of preserving for it the jurisdictional question which was waived by general appearance when it did appear.

It appears from the record, not only that the Roberts & Schaefer Company failed to preserve the jurisdictional point in the court below by special appearance and plea to the jurisdiction, but also that it has failed to present it to this court by proper assignment of error. The only assignment relating even remotely to the point is the one numbered 11-a, which asserts merely that the court erred in awarding an injunction and accounting against the Roberts & Schaefer Company. This manifestly falls far short of what is required of an assignment to present the jurisdictional point.

Petition denied.