BEN WEISS, Plaintiff, v. SAMUEL KANAREK and Others, Defendants.

Supreme Court, Kings County, March 29, 1930.

*Harry Tabershaw*, for the plaintiff.

*Horowitz & Algase*, for the defendant Kanarek.

DUNNE, J.   In case of a transfer of interest, devolution of liability, an action may be continued by or against the original party unless the court directs the person to whom the interest is transferred or upon whom the liability is devolved to be substituted in the action or joined with the original party as the case requires.   (Civ. Prac. Act, § 83.)   The Irving Trust Company has been named trustee in bankruptcy of the defendant Kanarek herein, and has moved the court to continue the action in the name of the defendant.   The trustee in bankruptcy has received permission from the Federal court to so do. I think the rule is established that, where a party is adjudicated a bankrupt after the commencement of an action, it does not *ipso facto* abate.   (*Gilbert* v. *Mechanics & Metals Nat. Bank*, 172 App. Div. 25, citing *Hahlo* v. *Cole*, 112 id. 636; *Colgan* v. *Finck*, 159 id. 57.)

The action is for an accounting, and the bankrupt has interposed a counterclaim for a sum approximating $12,000.   It is proper that the trustee be a party therein for the purpose of protecting the bankrupt's estate for the possible benefit of creditors.   Motion granted.

Upon the argument of the motion, it was urged by the opposing attorneys that they are entitled to security for costs under section 1522 of the Civil Practice Act.   I do not think that the section referred to authorizes the granting of security for costs in favor of one defendant against another defendant.   The application is rather within the purview of section 1523, being addressed to the favor of the court, and must be predicated upon notice of motion. (*Kelley* v. *Kremer*, 74 App. Div. 456.)   The present disposition is without prejudice to such application.