### REITZSCH v. PARADIS et al., and three other cases.

### Nos. 5541, 5667–5669.

Circuit Court of Appeals, Third Circuit.

March 19, 1936.

See, also, 11 F.Supp. 759.

Max D. Ordmann, of New York City (George Ordman, of New York City, of counsel), for Alfred Reitzsch and Vogtlandische Maschinen Fabrik.

George J. Chryssikos, of New York City (Meyer D. Siegel, of New York City, of counsel), for David Paradis, Ludwig D. Beiser, and Nathan Kosminsky.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

These are appeals from decrees of the District Court holding letters patent No. 1,266,747 valid but not infringed and three other patents valid and infringed.

*No. 5541.*

The invention of this patent, No. 1,266,-747, relates to an automatic embroidery machine in which all the implements for perforating and stitching the fabrics to be embroidered are controlled automatically by what is called a jacquard apparatus.

274

Holes are made in the fabric to be embroidered. This automatic control then throws the perforating implements out of gear, as it were, and renders them "idle or ineffective" while the embroidering implements or needles are stitching or embroidering the holes made in the fabric by the perforating implements. These stitching implements are then thrown out of operation by this automatic control and rendered "idle or ineffective" while the perforating implements make other holes in the fabric. While these changes or shifts from one set of implements to another is being made automatically, the shaft of the machine continues to rotate. The gist or essence of the invention consists in the automatic control or shift from the operation of the perforating or boring implements to the embroidering implements automatically without stopping the rotation of the shaft of the machine.

Before the invention of the patent, the change from boring to embroidering implements was made manually, through the employment of pantographs. In this manual operation it was necessary to stop the machine while the change was made. The machines operating the many boring and embroidering implements are heavy, fourteen yards in length, and have thousands of parts. It required some little time to start and stop these machines on account of the inertia of the great weight of the driving shaft, cams, gears, etc. The automatic control makes the changes quickly without stopping the machines, and thus saves much time and great expense. The patent embodying this invention is an important contribution to the art and is valid.

It has nine claims, but only the first one is in issue and reads as follows: "1. In an embroidering machine, embroidering implements, perforating implements, a single shaft rotating continuously in one direction whereby the said implements are operated, means including said shaft for imparting to the different parts of the embroidering implements an idle or ineffective motion without stopping the rotation of said shaft and means including said shaft for imparting an idle or ineffective motion to said perforating implements without stopping the rotation of said shaft."

The difference between the plaintiff's machine and the defendants' is that in the plaintiff's machine the implements have some slight motion, do not come into a position of absolute rest, but the slight motion is "ineffective," while in the defendants' machine the implements come to a position of absolute rest, and, as in the plaintiff's machine, without stopping the rotation of the shaft.

■ The learned District Judge felt that this difference avoided infringement on the part of the defendants. He may be right, but we are inclined to think that it is immaterial whether the motion of the implements is totally arrested, as in the defendants' machine, or whether their slight motion is rendered ineffective, as in the plaintiff's machine. In either case the main object of the patent is similarly accomplished. The defendants may not appropriate the fruit and essence of the invention and escape infringement by an immaterial or trifling change or variation.

■ That part of the decree holding that the patent was not infringed is reversed, but that part holding the patent valid is affirmed.

*Nos. 5667, 5668, 5669.*

■ The plaintiff brought suits on the following three patents:

Patent No. 1,158,096, issued to Robert Zahn, deceased, October 26, 1915; patent No. 1,160,338, issued to W. A. Stellmacher on November 16, 1915; and patent No. 1,191,131, issued to G. Sieber, July 11, 1916. They were all tried together with suit No. 5541.

The defendants in their answers admit title and validity of these patents, but deny their utility and infringement.

The plaintiff produced evidence showing use of the patented devices by the defendants. This testimony was not controverted.

Infringement is denied on the ground that the manufacturer had sold them in Poland and thereafter anybody, defendants say, was free to use them without liability for infringement. If this were the whole story, infringement could not be established, but it is not. The plaintiff manufactured the machines in question and sold them in Poland. But they were hand machines, operated manually by pantographs. The defendants purchased them in Poland, imported them into this country, and changed them in their own places of business from hand to automatic control machines by substantially the means described in the patents. This constituted infringement, and the decrees of the District Court are affirmed.