**PARADISE v. VOGTLANDISCHE MASCHI-NEN–FABRIK et al., and three other cases.**

No. 6699.

Circuit Court of Appeals, Third Circuit.

Aug. 30, 1938.

54

ents valid but not infringed and three other patents valid and infringed. Upon appeal to this court the decree was reversed insofar as it held the first patent not infringed. Reitzsch v. Paradis, 3 Cir., 83 F.2d 273. Thereafter the court below entered interlocutory decrees in each suit holding the patents valid and infringed and directing the defendants to account.

The defendants having failed to file their accounts with a special master as directed by the decree, an order was entered upon them to show cause why they should not be adjudged guilty of contempt. In defense of their failure to account the defendants urged that the District Court had no jurisdiction of the plaintiffs because the latter had never appeared or subjected themselves to its process and that the suits had abated because indispensable parties, the trustees in bankruptcy of the corporate plaintiff, had not been joined. The cases were thereupon referred to a special master, who, after a number of hearings, filed a report in which he found that the defendant's contentions were without merit and that they had shown no just reason for their failure to account. The defendants filed exceptions to the special master's report but it was confirmed by the court below which directed the defendants to file their accounts by a day certain and in case they should fail to do so directed that a writ of attachment should issue against them. A single order was entered by the court, captioned in all four cases. From that order the present appeal was taken by the defendants.

Alden D. Redfield, of New York City, for appellants.

Max D. Ordmann, of New York City, for appellees.

Before DAVIS and BIGGS, Circuit Judges, and MARIS, District Judge.*

MARIS, Circuit Judge.*

Three suits in equity were brought in the District Court for New Jersey by Vogtlandische Maschinen-Fabrik, a German corporation, against Nathan Kosminsky, L. D. Beiser and David Paradise. Alfred Rietzsch, Administrator for Robert Zahn, a German decedent, joined in two of these suits and he alone brought a fourth suit against the three defendants jointly. The suits charged infringement of certain patents owned by one or another of the plaintiffs and sought injunctions and an accounting. The court below held one of the pat-

Upon this appeal the defendants urge that the court below erred in refusing to dismiss the bills for want of jurisdiction. They contend that the plaintiffs, a German corporation and an individual German resident, have never appeared in the suits or subjected themselves to the process of the court. This contention, a highly technical one, seems to be largely based upon the fact that the bills of complaint were verified by Robert Reiner who, the defendants contend, was not sufficiently authorized by the plaintiffs to do so. This, however, is a purely technical objection which could easily have been corrected before the trial. It should, therefore, have been made before the trial started if the defendants wished to rely on it. Buckeye Incubator Co. v. Wolf, D.C.,

*Appointed Circuit Judge June 24, 1938.

291 F. 253. Since they did not make it then they cannot make it now, after they have gone to trial on the merits.

It appears that the suits were instituted by Max D. Ordmann, Esq., a member of the bar of the court below, as solicitor for the plaintiffs. It has long been settled that parties may appear in legal proceedings by counsel. It is equally well settled that an appearance by a practicing attorney creates a presumption that he has authority to act and the law casts the burden of proving the contrary upon the one asserting it. Feldman Inv. Co. v. Connecticut General Life Ins. Co., 10 Cir., 78 F. 2d 838. It may be admitted that an appearance by a third person who is without authority from the party is wholly ineffective. Gulf Smokeless Coal Co. v. Sutton, Steele & Steele, 4 Cir., 36 F.2d 224, certiorari denied 280 U.S. 609, 50 S.Ct. 158, 74 L.Ed. 652. Consequently if the defendants had established the fact that Mr. Ordmann had no authority to represent the plaintiffs their contention that the court was without jurisdiction of the suits instituted by him in the plaintiffs' names would not have been without merit.

However, the defendants wholly failed to rebut the presumption of authority which arose from Mr. Ordmann's entry of appearance. On the contrary the special master found that the evidence showed the fact to be otherwise. In his report he said: "Mr. Ordmann was examined and proved to the satisfaction of the master that he had represented the plaintiffs, both Vogtlandische Maschinen-Fabrik and Alfred Rietzsch, administrator of the Estate of Robert Zahn, for many years in connection with their patent matters; that he had taken out a number of the patents upon which the present suits are based; that he had represented the plaintiffs in other patent matters; that he was in communication with them and the Trustees in Bankruptcy of the Vogtlandische Maschinen-Fabrik during the continuance of the above entitled suits and that he had been in communication with them recently. The Master finds and reports that Max D. Ordmann was properly authorized to institute the suits on behalf of the plaintiffs and has represented the plaintiffs during the whole course of the litigation and now represents them and the Trustees in Bankruptcy of Vogtlandische Maschinen-Fabrik."

The special master's finding that Mr. Ordmann was authorized to institute the suit was confirmed by the court below. It is supported by the evidence and we are not at liberty to disturb it in the absence of clear error, which has not been shown.

The defendants further urge that the suits have in fact abated because indispensable parties, the trustees in bankruptcy of Vogtlandische Maschinen-Fabrik, were not joined after that corporation became bankrupt during the pendency of the proceedings. We think that this contention also is without merit.

It is settled that a pending action will not abate merely because of the bankruptcy of the plaintiff. Thatcher v. Rockwell, 105 U.S. 467, 26 L.Ed. 949; Hahlo v. Cole, 112 App.Div. 636, 98 N.Y.S. 1049; Griffin v. Mutual Life Ins. Co., 119 Ga. 664, 46 S.E. 870. In such a case the trustees in bankruptcy may either assume prosecution of the action with the court's approval, consent to its continued prosecution by the bankrupt for their benefit, or decline to prosecute it because it is likely to involve them in fruitless expense. Roberts v. Fogg, 244 Mass. 310, 138 N.E. 333; Griffin v. Mutual Life Ins. Co., supra; In re Throckmorton, 6 Cir., 149 F. 145. If the trustees decline or fail to prosecute the action the bankrupt may continue its prosecution to judgment. Bluegrass Canning Co. v. Steward, 6 Cir., 175 F. 537; Griffin v. Mutual Life Ins. Co., supra; Hahlo v. Cole, supra; Bennett v. Associated Theaters Corp., 247 Mich. 493, 226 N.W. 239. Furthermore if the suit is thus continued by the bankrupt the trustees will be concluded by the judgment. Eyster v. Gaff, 91 U.S. 521, 23 L.Ed. 403.

In the cases before us it affirmatively appears that the trustees in bankruptcy of Voglandische Maschinen-Fabrik had knowledge of the suits. It is evident that they have elected to permit the prosecution of them to be continued by the bankrupt. This, as we have seen, is their right and under the circumstances the suits have not abated but may validly be prosecuted by the bankrupt and its co-plaintiff. Our conclusion renders immaterial the fact, pointed out by the plaintiffs, that in the case of the last suit the bankrupt corporation was not a party.

What we have said renders unnecessary a discussion of the defendants' other con-

tentions which are equally captious and without merit. Indeed a reading of the record of these cases leaves us under a strong impression that the defendants have been seeking by the use of highly technical and captious objections to avoid the payment of a just liability. The court below rightly overruled these objections and directed them to account to the plaintiffs or face punishment for contempt.

Affirmed.