BERMAN LEASING COMPANY (Irving M. Rosen, Trustee Under Chapter 10 of the Bankruptcy Act of Bermec Corporation), Respondent,

v.

BEST TRUCK LINES, INC., a corporation, Appellant.

No. KCD 27831.

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1976.

Charles W. Hess, Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City, for appellant.

Thomas D. Circle, Buck & Circle, Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

This is an appeal from a judgment entered in a court-tried case in favor of the respondent Rosen, Trustee (Trustee), in the amount of $8,232.93 and costs, based upon certain leases and rental agreements between the Best Truck Lines, Inc. (Best), as lessee, and the Berman Leasing Company (Berman), as lessor. The amount of the judgment covers agreed and unpaid rentals for certain trucking equipment together with overhead property damage to one such piece of equipment, which type of damage was excluded from insurance coverage and which was paid by Berman and thus became the contractual obligation of Best under the terms of the rental agreements.

Initially, Best raised, by pleading, a number of defenses, including payment and the fact that Best at the time of the rental agreements, was non-existent by reason of a forfeiture of its corporate charter in the state of Kansas. No evidence of payment was produced by Best and its "corporate" defense has been previously decided by this court upon three separate occasions. This court is no stranger to Best's recent history.[1]

There remains for review the single point urged by Best upon this appeal, that the trial court was without jurisdiction to enter judgment because it erred in permitting the substitution of the Trustee in bankruptcy as party plaintiff after the original plaintiff, Berman, had rested its case, and that such substitution clearly prejudiced the rights of Best. To avoid confusion, it should be pointed out that Berman, the original plaintiff, was a division or wholly owned subsidiary of the Bermec Corporation, and that Rosen is the Trustee of Bermec under Chapter 10 of the Bankruptcy Act, providing for corporate reorganization, by appointment of the United States District Court, Southern District of New York. The Trustee's appointment and qualification and the interrelation of Berman, Bermec and the Trustee are not challenged.

The determination of the sole question on this appeal requires a review of the lengthy and somewhat complicated and sometimes inexplicable procedural history of this case.

Suit was filed on July 8, 1970 by Berman; service was obtained and the issues drawn. So far as this record discloses, no bankruptcy proceedings were then in progress and it was not until June 2, 1971, that Bermec came into bankruptcy reorganization proceedings under Chapter 10, and the Trustee was appointed in New York to operate and manage the property and business of the Bermec Corporation (including the property and business of its division, Berman).

Nevertheless, the long-delayed trial of this action in the court below did not commence until April 24, 1973. The then plaintiff, Berman, offered evidence in support of its claim, and at the conclusion thereof, the court inquired of counsel for Best if it

1. *Schneider v. Best Truck Lines, Inc.,* 472 S.W.2d 655 (Mo.App.1971); *Riley v. Best Truck Lines, Inc.,* 510 S.W.2d 229 (Mo.App.1974); *Pacific Intermountain Express v. Best Truck Lines, Inc.,* 518 S.W.2d 469 (Mo.App.1974).

would offer any evidence in defense; otherwise judgment would be entered for plaintiff. Counsel replied that he was uncertain as to whether evidence would be offered in defense until he had an opportunity to confer with his associates, and the court thereupon continued the matter until the afternoon of the next day, April 25, 1973. It had been brought out in Berman's evidence that some sort of bankruptcy proceedings were in progress which might or could affect the case.

A long period of silence on the record ensues until January 21, 1974, when the plaintiff, Berman, filed a motion to substitute the Trustee as party plaintiff by reason of his appointment of June 2, 1971, and an order dated October 24, 1973 of the United States District Court in the reorganization proceedings specifically authorizing the Trustee to take over and proceed with this case. It does appear that the case was placed upon a peremptory call in February of 1974, and the court set it down for final disposition for March 25, 1974. In the meantime, however, the court, having received no response from Best to the motion to substitute the Trustee as party plaintiff, sustained such motion on March 19, 1974.[2]

On March 25, 1974, the trial court reviewed the status of the case, stated that the evidence and proceedings had not been completed nor judgment entered, and again afforded Best an opportunity to offer any testimony or evidence in defense it desired. Best, however, chose to stand upon its motion to dismiss for lack of jurisdiction because of the alleged improper substitution of the Trustee as party plaintiff. The trial court thereupon overruled the motion to dismiss, entered judgment for the substituted plaintiff, and this appeal followed.

At the outset of any discussion of the legal problem thus raised, it must be noted that the powers and duties of a trustee under Chapter 10 of the bankruptcy laws concerning corporate reorganization, insofar as litigation is concerned, are generally the same as any other trustee appointed under Chapter 11 or any other section of the bankruptcy laws. Sections 586, 587, Chapter 10, U.S.C.A., Bankruptcy. Title to the property of the bankrupt rests in the trustee, including rights of action upon contracts. Section 110(a)(5)(6), Chapter 7, U.S.C.A., Bankruptcy Estates.

The trustee is granted specific statutory authority, with court approval, to continue suits already commenced before his appointment. Section 29(c), Chapter 3, U.S.C.A., Bankrupts, provides:

"(c) A receiver or trustee may, with the approval of the court, be permitted to prosecute as receiver or trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him."

The Supreme Court of the United States has spoken to this subject in *Meyer v. Fleming*, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595, where the court said, 66 S.Ct., l.c. 385[2–6]:

"Litigation instituted by a creditor may not be defeated merely by reason of the fact that he has become a bankrupt. * * * Title to the claim vests, of course, in the bankruptcy trustee. He is in position to take control of the litigation. He may * * * start a new suit and cause the old one to be abated, or intervene in the old one and obtain such benefits as it affords. * * * And the speculative nature of the litigation or the expense involved might indicate to the trustee that it was more provident for him not to intervene in the existing suit, nor to institute a new one, but to let the one which had been started run its course. * * * "

The *Meyer* court, following *Johnson v. Collier*, 222 U.S. 538, 32 S.Ct. 104, 56 L.Ed. 306, held that where the trustee did not intervene in the old suit or start a new one, the bankrupt could continue the litigation and hold any money or property finally recovered for the benefit of the estate, and the defendant in the litigation is "amply

---

2. The record discloses that the trial court did receive by hand delivery a letter from counsel for Best on March 21, 1974, objecting to the substitution. This letter was dated February 6, 1974, and no explanation appears as to why it was not previously received.

protected from any danger of being made to pay twice." See also, *Paradise v. Vogtlandische Maschinen-Fabrik,* 99 F.2d 53, 55 [7–10] (3rd Cir. 1938); *Hahlo v. Cole,* 112 A.D. 636, 98 N.Y.S. 1049 (1906).

█ In the case at bar, the bankruptcy trustee chose to intervene in the litigation, and under the statutory and case law above noted, he was entitled to do so, and the court below properly permitted the substitution. Nor was this substitution in any way inimical to Missouri procedure. Rule 52.13(c), Rules of Civil Procedure specifically provides for a substitution upon a "transfer of interest" which ensued by reason of the Bermec bankruptcy proceedings.

Nor does it appear that any rights of Best were prejudiced or how its interests would be served by a new start or beginning of the case, as it urged both below and here. The nature and quantum of proof of its liability or non-liability on the rental agreements and for the property damage would be the same and its defenses, if any it had, would not be affected by the substitution.

The court below properly ruled the substitution, and the judgment is affirmed.

All concur.