## CAMPBELL v. JAMES and others.[*]

*(Circuit Court, S. D. New York. September 14, 1880.)*

**1. PATENT — ASSIGNMENT OF GAINS AND PROFITS — RIGHT ACQUIRED AFTER DECREE IN EQUITY.**

In Equity. Motions for Rehearing.

*Marcus P. Norton* and *George H. Williams,* for plaintiff.

*Sam'l B Clarke,* Asst. U. S. Att'y, *Edward D. Bettens,* and *Esek Cowen,* for defendants.

WHEELER, D. J. This cause has been further heard upon the motion of the defendant James for a rehearing in chief upon the question of prior knowledge and use at the Philadelphia post-office, and upon the exceptions to the master's report; upon the motion of the defendants Clexton and Caswell for a rehearing upon the question as to the passing of the title of Eddy to the patent by his assignment for the benefit of his creditors; upon the motion of the plaintiff for a rehearing

[*]See 2 FED REP. 338.

upon the question as to the passing of Eddy's right to recover gains and profits already accrued by the same assignment; and upon the motion of the plaintiff for an increase of damages to be recovered.

The motion for a rehearing in chief is based upon some inaccuracies in the statement of the age of a witness in the former opinion, and upon the supposition that, because some of the testimony, and of the reasons leading to the finding, are stated, the other evidence was overlooked, and no other reasons were considered. This supposition is not well founded. There was no attempt to review all the evidence, or to state all the reasons bearing upon that question of fact, in the opinion.

Nothing material, not before considered, has been suggested as ready to be offered in respect to the exceptions to the master's report, nor in respect to the passing of Eddy's title to the patent by his assignment.

It is urged that the right to recover gains and profits would not pass without the right to the patent itself. This is probably true at law, but perhaps not so in equity. The right to recover them by the assignee, in the name of the assignor, has not been denied in any case cited in argument or that has been seen. In this case, as it stands, the form of the recovery in one name or another is not at all in question. The right to the gains and profits, as between the defendants, other than James, themselves, when recovered, only is in controversy. The right of the plaintiff to the share of Eddy has been acquired since the decree, as a part of a sum already recovered, and not as a right of recovery acquired before recovery had. There appears to be no obstacle in the way of acquiring such a right. No damages have been found in this case, and there are none as such to be increased. The statute authorizes an increase of damages, not an increase of gains and profits, to be recovered. Rev. St. §§ 4919 and 4921. If damages existed to be increased, the circumstances of this case would not warrant any increase. There has been no wanton invasion of the rights of the owners of the patent by the defendant. The use of the invention in such manner as to

be accountable for the profits has been rather desired than otherwise. This is shown by the evidence, as well as by the fact that no injunction has been asked for.

The motions are denied.