COVERT *v.* SARGENT.

*(Circuit Court, S. D. New York.* April 28, 1890.)

INFRINGEMENT OF PATENTS—TREBLE DAMAGES—PROFITS.
Rev. St. U. S. § 4921, which allows a court of equity to treble the recovery of damages formerly recoverable in actions at law, in suits for infringements of patents, does not authorize an increase in the recovery of profits realized from the infringement, since such profits were not recoverable at law. Following *Campbell* v. *James*, 5 Fed. Rep. 807.

In Equity.
*W. H. King*, for complainant.
*John K. Bench*, for defendant.

WALLACE, J. The statute (Rev. St. U. S. § 4921) does not confer authority upon a court of equity to treble a recovery of profits decreed against the infringer of a patent, but distinctly discriminates between the profits which are recoverable in a court of equity and the damages which were formerly recoverable in actions at law only, and confines the power of increasing the recovery to the latter. The point has been expressly decided in this court. *Campbell* v. *James*, 5 Fed. Rep. 807. Until jurisdiction was conferred upon the circuit courts by statute to decree damages in suits in equity, (Act of July 8, 1870, § 55,) they could only decree profits in such suits. *Elizabeth* v. *Pavement Co.*, 97 U. S. 138. When such jurisdiction was conferred, the power was circumscribed by explicit language to cases in which it could be exercised by courts of law in actions upon the case. Courts of law could award damages, but not profits. *Packet Co.* v. *Sickles*, 19 Wall. 611; *Burdell* v. *Denig*, 92 U. S. 716. As the complainant has not recovered damages, he must be content with such indemnity for the violation of his rights as he will receive by a recovery of the profits which the master has found were realized by the defendant.