## KRENTLER–ARNOLD HINGE LAST CO. v. LEMAN et al.

District Court, D. Massachusetts. February 14, 1928.

### No. 1853.

1. Patents ⬀318(6)—Infringer entitled to deduction from profits for overhead expenses only when made necessary for production of infringing article.

To entitle an infringer on an accounting for profits to deduction for overhead expense of its business, it must show that the expense was made necessary by the extra cost of producing the infringing articles.

2. Patents ⬀319(1)—Reasonable royalty not recoverable as general damages, where no damages are proved, but profits are proved and allowed (35 USCA § 70).

Where profits made by an infringer are proved and allowed, but no damages are proved, general damages by way of a reasonable royalty are not recoverable, under 35 USCA § 70 (Comp. St. § 9467).

3. Patents ⬀318(5)—Where profits only are recovered from infringer, interest runs from filing of master's report.

Where profits only are recovered from an infringer, interest runs from filing of master's report.

4. Patents ⬀325(1)—Complainant held entitled to award against infringer of expenses of litigation within limits of treble damages.

Where infringement was willful and persistent, continuing even after decree of the trial court, complainant should be allowed its litigation expenses, within the limit of treble damages which the court may award.

In Equity. Suit by the Krentler-Arnold Hinge Last Company against J. Howard Leman, administrator c. t. s. of the estate of George E. Belcher, deceased, and the George E. Belcher Last Company. On exceptions to report of master on accounting. Sustained in part, with final decree.

James R. Hodder, Robert Cushman, and Roberts, Roberts & Cushman, all of Boston, Mass., for plaintiff.

Ellis Spear, Jr., and Edward N. Goding, both of Boston, Mass., for defendants.

LOWELL, District Judge. This case related to patents for hinged lasts. It was begun by the Krentler Company, which brought suit on September 12, 1923, against George E. Belcher, doing business as the Belcher Company, for infringement of patent No. 842,319, granted to George A. Krentler on January 29, 1907, which was then about to expire, and on patent No. 969,244, granted on September 6, 1910, to Rudolph Carl. The Belcher Company denied infringement, and set up a counterclaim on the patent to O. A. Peterson, No. 1,195,266, of August 22, 1916. The Krentler Company depended on its later patent to W. A. Krentler, No. 1,459,061, granted June 19, 1923, as a defense to this counter suit. The District Court (300 F. 834) decided that the first Krentler patent was not infringed and that the only claim of the Carl patent which was relied on (claim 1) was invalid. It further held that the Krentler Company had infringed the Peterson patent and that the second Krentler patent was not a defense to the infringement. This opinion was handed down in July, 1924. Shortly thereafter Belcher died, and the Krentler Company interposed many technical objections to the title of the Belcher Company, which had succeeded to the rights of Belcher. The interlocutory decree was entered in August, 1925. On appeal the Circuit Court of Appeals (13 F.[2d] 796) sustained the District Court on all points except the minor one of allowing Peterson himself to be made a party to the case.

After the decision in the Circuit Court of Appeals the case was sent to Arthur P. Hardy, Esq., as master, to report the damages and profits. His report was filed on December 14, 1927. It appeared in evidence before him that the Krentler Company had kept on infringing till November, 1925. The testimony before the District Court showed that the Krentler Company tried to buy the Peterson patent, and, being unsuccessful, got out the second Krentler patent above referred to, in order to have a patent to enable it to make the devices which the Belcher Company claimed were in infringement of the Peterson patent.

The present proceeding relates to exceptions to the master's report. The master found that the Krentler Company had made profits of $10,368.30. He then proceeded to assess damages, and, as no items of damage could be proved, he made use of the "reasonable royalty" rule, and determined that the damages amounted to $6,921.43. The Belcher Company asked the master to allow proof of its expenses of litigation, which he refused to do.

[1] The master rendered a very careful and clearly expressed report. Though I am of opinion that he erred in allowing damages, as well as profits, the case can be settled without the necessity of sending it back to him. The Krentler Company took ten exceptions to the report, only three of which need be mentioned. It excepted to the master's refusal to allow certain overhead expenses to be deducted from the profits which the master found to be the result of sales of infringing devices. On this point the master correctly ruled that the burden was on the Krentler Company to prove that these expenses were made necessary by the extra cost of producing the infringing devices, or at least to show specifically what portion of them was due to the infringement. Westinghouse Co. v. Wagner Co., 225 U. S. 604, 32 S. Ct. 691, 56 L. Ed. 1222, 41 L. R. A. (N. S.) 653.

[2] The master held that this burden had not been sustained, and on this point also I agree with him. The Krentler Company also excepted to the ruling of the master that damages as well as profits should be allowed to the Belcher Company. In my opinion this exception is well taken. The profits of the Krentler Company were proved. There were no facts from which damages could be proved, and the master resorted to the reasonable royalty rule. In this respect he was in error. The rule of law allowing damages to be assessed under the guise of a reasonable royalty arose in cases where the evidence showed that damage had been sustained, but there were no sufficient facts from which to ascertain actual damages.

The leading case on the subject is United States Frumentum Co. v. Lauhoff, 216 F. 610, in which Judge Denison in 1914 in a learned and able opinion delivered the decision of the Circuit Court of Appeals for the Sixth Circuit. The judge characterizes this kind of proof as the determination of "general damages." 216 F. at page 617.

The material part of the statute governing the case at bar (section 70 of title 35 of the U. S. Code [35 USCA § 70; Comp. St. § 9467]) is as follows:

"The several courts vested with jurisdiction of cases arising under the patent laws shall have power to grant injunctions accord-

ing to the course and principles of courts of equity, to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable; and upon a decree being rendered in any such case for an infringement the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby, and the court shall assess the same or cause the same to be assessed under its direction. [If on the proofs it shall appear that the complainant has suffered damage from the infringement or that the defendant has realized profits therefrom to which the complainant is justly entitled, but that such damages or profits are not susceptible of calculation and determination with reasonable certainty, the court may, on evidence tending to establish the same, in its discretion, receive opinion or expert testimony, which is hereby declared to be competent and admissible, subject to the general rules of evidence applicable to this character of testimony; and upon such evidence and all other evidence in the record the court may adjudge and decree the payment by the defendant to the complainant of a reasonable sum as profits or general damages for the infringement.] The court shall have the same power to increase such damages, in its discretion, as is given to increase the damages found by verdicts in actions in the nature of actions of trespass upon the case."

The part of the statute included in brackets was added by the Act of February 18, 1922 (42 Stat. 392). It will be noticed that in the last line of the excerpt above printed the words "general damages" are used. This seems to indicate that the parliamentary draftsman had Judge Denison's opinion in mind.

By the terms of the statute general damages can be awarded only when neither profits nor damages can be proved.

[3] The finding of the master as to profits is confirmed. His finding as to damages is overruled. As the only recovery left is for profits, interest runs from the filing of the master's report. Walker, Patents (5th Ed.) 736.

The Krentler Company's exception to the award by the master of interest from the date of the Belcher Company's counterclaim is sustained.

[4] The Belcher Company insists that it should have been allowed to show its litigation expenses, so that the court might increase the award to allow them. The court in appropriate cases is allowed to treble the amount of damages or profits, so that the party

whose patent has been infringed shall not suffer loss. Such an increase is sometimes spoken of as punitive damages, but, as Judge Brewster has so convincingly shown, this is inaccurate. Beacon Folding Machine Co. v. Rotary Machine Co. (D. C.) 17 F.(2d) 934.

The present case is one where damages should be increased. The Krentler Company has willfully infringed the Peterson patent. It copied the Peterson patent in the first place; then it brought suit on a patent which was about to expire. Afterwards it interposed a series of technical objections to the Belcher Company's title, and it continued the infringement for more than a year after the opinion of the District Court was handed down. National Folding Box & Paper Co. v. Robertson's Estate (C. C.) 125 F. 524; Fox v. Knickerbocker Engraving Co. (C. C. A.) 165 F. 442; K. W. Ignition Co. v. Temco Electric Motor Co. (C. C. A.) 283 F. 873; Motor Player Corp. v. Piano Motors Corp. (D. C.) 19 F.(2d) 993.

The Belcher Company asked the master to allow it to prove the expenses involved in the litigation. This the master refused to do. In my opinion this should have been allowed, but at the recent hearing before me it was agreed that the Belcher Company should file an itemized account of its expenses, to which the Krentler Company might object. This has been done, and will obviate the necessity of sending the case back to the master.

The Belcher Company has filed an itemized account of its expenses, which amount to the sum of $22,865.73.

The Krentler Company contends that the profits found by the master cannot be increased under the provisions of United States Code, tit. 35, §§ 68 and 70 (35 USCA §§ 68, 70; Comp. St. §§ 9465, 9467), so as to include any part of these expenses. It is my opinion, as I have already said, that this contention is not well founded. They also specifically object to the following items in the account:

(1) Ellis Spear, Jr.................. $18,554.73
(2) Mr. Southworth and Mr. Rinehart, approximately 308 hours, at $2 ...................... 616.00
(3) Mr. Peterson, approximately 9 weeks, at $40............... 360.00
(4) Clerical, approximately ....... 50.00
(5) Auto mileage, approximately 600 miles, at 15 cents............ 90.00

It objects to item No. 1 because it includes the sum of $2,319.73 which was charged in connection with a suit brought by the Belcher Company against the Krentler Company's licensee, the Dayton Last Works, which was afterwards discontinued, and also

because this item includes the sum of $1,000 charged on account of the services rendered on the appeal from the master's report. The Krentler Company also objects to items 2, 3, 4, and 5, on the ground that they were not extra expenses caused by the infringement. These objections are sustained, and the amounts objected to are disallowed. The total of these amounts is $4,435.73. There remains as proper expenses of litigation the total sum of $22,865.73, less the disallowed amount of $4,435.73, or $18,430. The court has the power under section 70 to increase the damages to an amount not exceeding three times the sum of profits and damages.

The profits found, as already stated, are $10,368.30. The limit allowed by the statute is three times this amount, or $31,104.90. I allow damages in the sum of $18,430, making a total of $28,780.30. In addition to that, interest at 6 per cent. should be allowed on the amount of profits from the date of the master's report. This opinion is filed on February 14, 1928. The master's report came in on December 14, 1927, just two months ago. Two months' interest on $10,368.30 is $103.68. The total amount, therefore, is $10,368.30 profits, $103.68 interest, and $18,-430 damages, making a total of $28,901.98.

Let a decree be entered in favor of the Belcher Company for this amount.