NEW ENGLAND FIBRE BLANKET CO. v. PORTLAND TELEGRAM et al.

No. 6731.

Circuit Court of Appeals, Ninth Circuit.

Nov. 7, 1932.

T. J. Geisler, of Portland, Or., for appellant.

Joseph, Haney & Veatch, of Portland, Or., for appellees.

Before WILBUR, Circuit Judge, and JAMES and NORCROSS, District Judges.

NORCROSS, District Judge.

Appellant, as owner of patent No. 1,-227,557 for an improvement in Make Ready of Impression Cylinders of Printing Presses, brought suit for infringement. An interlocutory decree adjudging infringement was entered in favor of plaintiff [34 F.(2d) 446] and the matter referred to a master "to take and state the account of said gains, profits and advantages which the defendants have received, or which have arisen or accrued to them or either of them by the infringement of said letters patent, and the damages which plaintiff has suffered by reason of said infringement, and to assess such damages, and to report thereon."

The master's concluding statement of his findings is as follows:

"First, that the defendants made gains, profits, and savings, by reason of the infringement, in the amount of $1404.88, and that plaintiff is entitled to a decree against defendants for that amount, together with its costs before the master.

"Second, that the infringement was deliberate and willful.

"Third, that under the law the plaintiff is not entitled to an increase of the award."

Plaintiff excepted to the third finding of the master. The exception was overruled and the award of the master in all respects confirmed. A final decree was entered in accordance therewith from which this appeal is prosecuted.

The only question of law presented is whether the court should have sustained plaintiff's contention that the amount of the award should be increased or trebled because the infringement "was deliberate and willful."

The plaintiff submitted to the master a statement of its expenses and disbursements alleged to have been incurred in prosecuting the suit in the aggregate amount of $25,-631.72. Concerning this showing the master's report states: "If any portion of this amount can be legally assessed against the defendants it could not exceed, under the law, twice the amount of the award, or $2,-809.76. The master finds that at least that amount was necessarily expended by plaintiff in preparation for trial, and compensation of counsel and expert witnesses."

In support of the contention of appellant that, where the infringement is willful the court may allow plaintiff its litigation expenses within the limit of treble damages even though profits only are recovered, the case of Krentler-Arnold Hinge Last Co. v. Leman, 24 F.(2d) 423, 425, is cited. In that case Judge Lowell for the District Court of Massachusetts, held: "The court in appropriate cases is allowed to treble the amount of damages or profits, so that the party whose patent has been infringed shall not suffer loss."

In that case profits only were established and the same were trebled by the decree of the court. This is the only case cited in which it has been directly held that profits may be trebled. An appeal does not appear to have been taken from the decree as entered on March 1, 1928. We are cited to a decision by the Circuit Court of Appeals, First Circuit, in the same case, 50 F.(2d) 699, 707, which was an appeal from a final decree entered August 20, 1930, in a civil contempt proceeding for the violation of a permanent injunction issued in the case November 26, 1926, in which contempt proceeding the court entered a final decree that complainants recover the profits made by the infringer together with counsel fees and costs incurred by complainants in the contempt proceeding. The Circuit Court of Appeals affirmed the decree "except so far as it relates to the amount of the fine," and remanded the case for further proceedings not inconsistent with its opinion. The court held "that the proper remedial relief for the disobedience of an injunction in an equity case is to impose a 'fine for the use of the complainant, measured in some degree by the pecuniary injury caused by the act of disobedience,'" and further said: "This pecuniary damage surely does not include profits which the defendant made by reason of the infringement." Upon certiorari to the Supreme Court the decision of the Circuit Court of Appeals was reversed and that of the District Court affirmed. Leman v. Krentler-Arnold Co., 284 U. S. 448, 52 S. Ct. 238, 76 L. Ed. 389; Id., 286 U. S. 533, 52 S. Ct. 621, 76 L. Ed. 1273. It is contended by counsel for appellant that the principle announced by Judge Lowell was affirmed by the Supreme Court in its opinion cited, supra, 284 U. S. 448, 52 S. Ct. 238, 242, 76 L. Ed. 389.

The court in that case said:

"In view of the principles governing the broader relief obtainable in equity, as contrasted with those applicable in courts of law, it is apparent that there is no necessary exclusion of profits from the idea of compensation in a remedial proceeding.

"The respondent insists that this contempt proceeding is not a suit in equity, but, as we have seen, the proceeding is a part of the main cause in equity and is for the enforcement of the decree. * * * This argument is also based on a misconception of the nature of the proceeding which is not penal, but remedial, and the remedy should be complete. Accordingly it has been repeatedly assumed that, in a proceeding for civil contempt for disobedience to an injunction granted in an infringement suit, the profits derived from the violation of the injunction are recoverable."

The opinion does not disclose an expression of concurrence in the decision of the trial court in respect to the trebling of profits in the final decree entered March 1, 1928. The opinion cites a number of cases holding that in a suit in equity for infringement the court applies the "familiar principle in 'converting the infringer into a trustee for the patentee as regards the profits thus made.' Packet Co. v. Sickles, 19 Wall. 611, 617, 22 L. Ed. 203," and concludes: "Profits are thus allowed 'as an equitable measure of compensation.'"

Prior to the act of Congress of July 8,

1870, the owner of a patent seeking redress from an infringer was required to elect whether he would proceed by a suit in equity to recover gains and profits made by the infringer or by an action at law for the recovery of damages, "the measure of damages in such case being not what the defendants had gained, but what the plaintiff had lost." Birdsall v. Coolidge, 93 U. S. 64, 69, 23 L. Ed. 802.

Prior to the adoption of the act of 1870 it was uniformly held that the court in a proper case could increase or treble the damages determined to have been sustained in an action at law, but that such power did not exist in respect to an increase of the gains and profits found to have been made by the infringer in a suit in equity.

As it appears in the Revised Statutes (section 4921), the said act of 1870 reads: "The several courts vested with jurisdiction of cases arising under the patent laws shall have power to grant injunctions according to the course and principles of courts of equity, to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable; and upon a decree being rendered in any such case for an infringement, the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby; and the court shall assess the same or cause the same to be assessed under its direction. And the court shall have the same power to increase such damages, in its discretion, as is given to increase the damages found by verdicts in actions in the nature of actions of trespass upon the case."

By an amendment of February 18, 1922 (section 8, 42 Stat. 392 [35 USCA § 70]), there is added after the first sentence as quoted above the following provision: "If on the proofs it shall appear that the complainant has suffered damage from the infringement or that the defendant has realized profits therefrom to which the complainant is justly entitled, but that such damages or profits are not susceptible of calculation and determination with reasonable certainty, the court may, on evidence tending to establish the same, in its discretion, receive opinion or expert testimony * * *; and upon such evidence and all the other evidence in the record the court may adjudge and decree the payment by the defendant to the complainant of a reasonable sum as profits or general damages for the infringement."

Then follows without change the sentence providing "power to increase such damages," etc.

The case of Birdsall v. Coolidge, 93 U. S. 64, 69, 23 L. Ed. 802, which was on error from this circuit, was the first case which came before the Supreme Court after the adoption of the act of 1870. Commenting upon the change made in the law, the opinion of the court, by Mr. Justice Clifford, says:

"Damages of a compensatory character may also be allowed to the complainant suing in equity, in certain cases, where the gains and profits made by the respondent are clearly not sufficient to compensate the complainant for the injury sustained by the unlawful violation of the exclusive right secured to him by the patent. Gains and profits are still the proper measure of damages in equity suits, except in cases where the injury sustained by the infringement is plainly greater than the aggregate of what was made by the respondent; in which event the provision is, that the complainant 'shall be entitled to recover, in addition to the profits to be accounted for by the respondent, the damages he has sustained thereby.'

"Cases occurred under the prior patent act where manifest injustice was done to the complainant in equity suits, by withholding from him a just compensation for the injury he sustained by the unlawful invasion of his exclusive rights, even when the final decree gave him all that the law allowed. * * *

"Courts could not, under that act, augment the allowance made by the final decree, as in the case of the verdict of a jury; but the present patent act provides that the court shall have the same powers to increase the decree, in its discretion, that are given by the act to increase the damages found by verdicts in actions at law. Such difficulties could never arise in an action at law, nor can it now, as both the prior and the present patent act authorize the court to enter judgment on the verdict of the jury for any sum above the verdict, not exceeding three times that amount. No discretion is vested in the jury; but they are required to find the actual damages, under proper instructions from the court."

The act of 1870 did nothing more than provide that in cases of patent infringement law and equity might be administered in the same action. It did not otherwise change the rules governing legal or equitable rights or remedies.

The question appears first to have been considered by the Circuit Court of the Southern District of New York, in 1880, in the case of Campbell v. James, 5 F. 806, 807. The opinion by Wheeler, D. J., states: "No damages have been found in this case, and there are none as such to be increased. The statute authorizes an increase of damages, not an increase of gains and profits, to be recovered."

Ten years later, 1890, Wallace, J., speaking for the same court in Covert v. Sargent, 42 F. 298, cited the Campbell Case and elaborated upon the rule therein stated. It was the only question presented in the latter case.

In McSherry Mfg. Co. v. Dowagiac Mfg. Co., 160 F. 948, 966, the Circuit Court of Appeals for the Sixth Circuit in an opinion rendered in the year 1908, said: "As appellee was not entitled to the first item of damages, it follows that it was not entitled to the second. And, as it was entitled to no damages at all, there was no room for application of the trebling statute [35 USCA § 67]. That statute has no relation to profits. It concerns damages alone."

The same question was again presented to the same court the same year in the case of Yesbera v. Hardesty Mfg. Co., 166 F. 120, 128, in which case the court said: "Since the statute permits only an increase of the damages found, and not of profits, it follows that the complainant's motion in that regard falls to the ground."

The amendment of 1922 was not intended to change the rule, and gains and profits are not subject to be trebled or otherwise increased.

Judgment affirmed.