SUTTON et al. v. GULF SMOKELESS COAL CO. et al.

ROBERTS & SCHAEFER CO. v. SUTTON et al.

Nos. 3726, 3728.

Circuit Court of Appeals, Fourth Circuit.

April 26, 1935.

George Richardson, Jr., of Bluefield, W. Va., and D. J. F. Strother, of Welch, W. Va. (A. S. Pattison, of Washington, D. C., on the brief), for Sutton and others.

Thomas L. Marshall, of Chicago, Ill. (Fisher, Boyden, Bell, Boyd & Marshall, of Chicago, Ill., on the brief), for Roberts & Schaefer Co.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

## PER CURIAM.

These appeals are from a decree awarding profits and damages against the Roberts & Schaefer Company for infringement of the patents upheld by this court in opinion reported in 35 F.(2d) 433, rehearing denied 36 F.(2d) 224, certiorari denied 280 U. S. 609, 50 S. Ct. 158, 74 L. Ed. 652. Only process claims of the patents were involved in the suit, and recovery was sought against the Gulf Smokeless Coal Company because it had used the patented process and against the Roberts & Schaefer Company because it had manufactured and sold to the Gulf Smokeless Coal Company and others separation tables designed and used for carrying on the infringing process. The decree of the court below was against the coal company as well as the Roberts & Schaefer Company; but the coal company has settled with complainants and has dismissed its appeal upon an agreement that this action should not prejudice the rights of the other parties with respect to the other appeals which they had taken from the decree.

After the former decision of this court, a special master was appointed by the court below to hear evidence and report as to the profits and damages with which defendants were chargeable on account of the infringement. A motion to confine the damages awarded against the Roberts & Schaefer Company to those arising out of the infringement by the coal company at Covel, W. Va., was denied and the master heard a great volume of testimony and made a careful and exhaustive report. He found that the Roberts & Schaefer Company was liable for infringement with respect to 96 tables manufactured and sold by it for use within the United States but was not liable with respect to 9 tables sold for use in a foreign country where the process was not patented. He fixed the damages sustained by complainants at $1,000 per table, or a total of $96,000, and the profits derived from the infringement at $49,260. He accordingly held that complainants were entitled to recover of Roberts & Schaefer Company the profits of $49,260, with interest thereon from July 20, 1931, the date of the master's report, together with $46,740 as damages, this being the difference between the $49,260 profits and the $96,000 total damages. To this he added increased damages at 15 per cent. on the $96,000, or $14,400, on account of deliberate and willful infringement. Against the coal company he awarded damages of $5,792.91, computed on the basis of a rea-

sonable royalty for the use of the process, with interest of $490.74.

On exceptions to the report of the master, the judge below increased the award against the coal company to $12,551.30. He approved the basis of $1,000 per table upon which damages were awarded against the Roberts & Schaefer Company, but held that that company was liable for damages with respect to the 9 tables sold for use in foreign countries as well as with respect to the 96 sold for domestic use, and he increased the award for deliberate and willful infringement to $42,000, being 40 per cent. on the $105,000 damages found to arise from the sale of the 105 tables. With respect to profits realized by Roberts & Schaefer Company, he increased this item to $63,318.33 as a result of disallowing certain items of interest and depreciation and apportionment of profits for use of other inventions claimed by Roberts & Schaefer Company to be proper deduction from profits. He also included an award of $7,145.56 as damages on 18 tables manufactured and sold by Roberts & Schaefer Company, 9 of which were sold for use in foreign countries, this sum being computed at the rate of $396.97 per table, being the difference between the profits realized with respect to each table and the item of $1,000 damages with respect thereto sustained by complainant. It was only as to these 18 tables that complainant elected to accept the award of general damages.

■ The principal contention of the Roberts & Schaefer Company is that the damages awarded should have been limited to those resulting from the infringement at the Covel mines in West Virginia. The basis of this contention is that this was the only infringement charged in the bill of complaint. It appears, however, that, after the Roberts & Schaefer Company was made a party to the cause, permission was granted to amend the pleadings; and the decree which was affirmed by this court in the opinion above cited awarded general relief against Roberts & Schaefer Company and ordered an accounting against that company without limitation as to infringements occurring in West Virginia. No assignment of error on the former appeal complained of the scope of the accounting ordered, and the decree appealed from was affirmed by this court and became binding in all future proceedings in the case.

■ In estimating the profits realized by Roberts & Schaefer Company, we agree with the master that it is entitled to the deduction of a proportionate part of the interest and depreciation at its Harvey, Ill., plant, and we accept as fair the master's computation of $8,585. Where a complainant elects to accept the profits made by an infringer, reasonable and necessary expenses of the business are of course deductible, and the fact that the infringement was willful and deliberate is immaterial on that inquiry. We agree with the judge below, however, that no deduction should be allowed on account of the fact that defendant equipped its infringing tables with other devices covered by patents. The recovery of profits will be reduced, therefore, by the sum of $8,585, leaving the total of profits for which complainant may recover from the Roberts & Schaefer Company at $54,733.33 with interest thereon at 6 per cent. per annum from June 20, 1931. It should be noted in this connection that, in this computation of profits, nothing is included for tables manufactured and sold for use in foreign countries.

■■ Coming to the award of damages in the sum of $7,145.56 with respect to the 18 tables as to which complainants elected to take general damages, we observe first that any damages with respect to the 9 tables sold for foreign use must be eliminated. The claims of the patents relied on are process claims, and no use of the process in a foreign country would constitute an infringement of these claims. Manufacture and sale of tables for such foreign use could not constitute contributory infringement; for in such case there is no infringement to which such manufacture and sale could be contributory. "Contributory infringement can only arise in this country when somewhere and somehow in this country there is a completed infringement to which a contribution can be made." Computing Scale Co. v. Toledo Computing Scale Co. (C. C. A. 7th) 279 F. 648, 678; Bullock Electric & Mfg. Co. v. Westinghouse, etc., Co. (C. C. A. 6th) 129 F. 105.

As to the damages to be awarded with respect to the 9 tables sold in this country, as to which complainant elected to take damages, viz., those sold to the Ayrshire Coal Company, the Ennis Coal Company, and the United States Bureau of Mines, it appears that the total profit on these was $4,201.62. We deduct from this ⁹⁄₉₃ of $8,585, there being 93 tables on which the master computed profits of $63,318.33 and from which he de-

442

ducted $8,585 on account of depreciation and interest. This gives a deduction of $830.80, which leaves the profits on these tables at the sum of $3,370.82. To arrive at the damages to be allowed, these profits should be deducted from $9,000, the general damage on the 9 tables, leaving the damages to be awarded at $5,629.18. Interest on this amount should be computed at 6 per cent. per annum from October 15, 1929, which was found to be the end of the period of infringement.

As to the increased damages allowed, there is no authority for the allowance of litigation expenses other than the ordinary costs of action. And where the complainant elects to take profits resulting from an infringement, such award of profits cannot serve as a basis for increasing damages under section 4921 of the Revised Statutes, as amended (35 USCA § 70). See New England Fibre Blanket Co. v. Portland Telegram (C. C. A. 9th) 61 F.(2d) 648, certiorari denied 289 U. S. 752, 53 S. Ct. 696, 77 L. Ed. 1497; Yesbera v. Hardesty Mfg. Co. (C. C. A. 6th) 166 F. 120, 128; McSherry Mfg. Co. v. Dowagiac Mfg. Co. (C. C. A. 6th) 160 F. 948, 966; Covert v. Sargent (C. C.) 42 F. 298; Campbell v. James (C. C.) 5 F. 806. We think that the finding of the master, approved by the judge, to the effect that there was deliberate and willful infringement, was justified; but the increase of damages on account thereof must be limited to trebling the amount awarded as damages. The amount awarded as profits cannot serve as the basis of such increase.

It follows that the decree below should be modified so as to award complainants as against the Roberts & Schaefer Company profits realized from infringement in the sum of $54,733.33 with interest thereon at the rate of 6 per cent. per annum from June 20, 1931, and damages in treble the sum of $5,629.18, or $16,887.54 with interest thereon at the rate of 6 per cent. per annum from October 15, 1929. As neither of these amounts could run against the Gulf Smokeless Coal Company, the settlement heretofore made by that company will in no way affect the decree against the Roberts & Schaefer Company when modified in accordance herewith. The cause will be remanded for further proceedings in accordance with this opinion; and the costs on these appeals will be divided between complainants and the Roberts & Schaefer Company.

Modified.