**JOHN MOHR & SONS, Plaintiff,**

v.

**VACUDYNE CORPORATION and Arthur N. Lederman, Defendants.**

**No. 71 C 644.**

United States District Court,
N. D. Illinois, E. D.

Feb. 2, 1973.

**1114**

MEMORANDUM OPINION AND
ORDER.

BAUER, District Judge.

This cause comes on the motions of both plaintiff and defendants for summary judgment.

The plaintiff, John Mohr & Sons ("Mohr") is an Illinois corporation having its principal place of business in Chicago, Illinois. The defendants are Vacudyne Corporation ("Vacudyne") and Arthur N. Lederman, its president. Vacudyne, an Illinois corporation has its registered office in Chicago, Illinois and its principal place of business in Chicago Heights, Illinois.

This is an action for the infringement of plaintiff's U. S. Patent # 3,131,700. The jurisdiction of this Court is based on 28 U.S.C. § 1338(a).

The parties have stipulated to the following facts:

(a) The patent in suit contains two claims, both method claims.

(b) Defendants, who have their manufacturing plant and headquarters in the United States, solicit orders in foreign countries, including orders for machines capable of performing the method described and claimed in the patent in suit.

(c) Responsibility for the solicitation of said orders in foreign countries originates in Defendants' regular place of business in the United States (Chicago Heights, Illinois).

(d) The orders solicited from customers located in foreign countries are accepted in Defendants' offices in the United States.

(e) The alleged infringers completely fabricate and assemble in the United States a machine capable of performing the patented method.

(f) The alleged infringers test the operation of at least the components of the equipment in the United States, but carry out no tests in the United States in which tobacco or hogsheads of tobacco are used.

Edward Keating and James G. Staples, Parker, Carter & Markey, Chicago, Ill., for plaintiff.

Michael G. Berkman, Kegan, Kegan & Berkman, Chicago, Ill., for defendants.

(g) The sale, including passage of title, of a machine capable of performing the method disclosed and claimed in the United States patent in suit occurs in the United States.

(h) Complete operating instructions, including written instructions which advise the foreign purchaser as to the operation of the machine, including operation for carrying out the method steps recited in the claims of the patent in suit, accompany the equipment shipped from the United States to the foreign purchaser for use in that foreign country.

(i) Employees of the alleged infringer are sent from the United States headquarters to supervise and instruct the foreign purchaser in the installation of the equipment, and its operation in a manner which includes the steps called for in the claims of the patent in suit.

(j) Employees of the alleged infringer are sent from the United States at its expense to assist the foreign customer when operating troubles are encountered subsequent to installation.

(k) No foreign patents are involved in this litigation, and Defendants are not charged with infringement of any foreign patent.

(l) Defendants' equipment, which includes probe assemblies, is shipped to foreign purchasers in a partially disassembled state to protect component elements of the equipment, including the probe assemblies, and to conserve shipping space.

The stipulated facts effectively eliminate all material factual issues in this case. The stipulation of facts was intended to permit the framing of a single question of law. This Court is in accord with the parties conclusion that there remains a single question of law which will be determinative of all issues in this case including the question of whether Defendants in any manner infringed any of the claims of the Plaintiff's method patent.

The sole and controlling question of law in this case has been stated by the parties as follows:

"Does the 'manufacture' and 'sale' in the United States of processing equipment for use only in foreign countries, and used only in foreign countries, constitute infringement of a method claim of a United States patent, conceding that the equipment is 'capable' of carrying out the process defined by the method claim of that United States patent?"

Thus, the question of law to be ruled upon by this Court is whether there can be infringement of a method claim of a United States patent by one who manufactures in the United States equipment capable of carrying out the claimed method and who sells this equipment to a foreign customer for use exclusively in the foreign country. Plaintiff contends that such activities constitute infringement of the method claim of the United States patent. Defendant's position is that there cannot be infringement of the United States method patent under such a factual situation.

■ It is the opinion of this Court that no United States method patent can be infringed without carrying out that method in the United States.

■ It is a fundamental rule of patent law that in an action brought by a patentee charging infringement of Letters Patent of the United States, the burden of proving the infringement is on the patentee. Price v. Kelly, 154 U.S. 669, 14 S.Ct. 1208, 26 L.Ed. 634 (1881). Title 35 § 271 of the U.S.C. sets forth patent infringement as:

"(a) Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

(c) Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

The express language of the statute sets forth that infringement must be by making, using, or selling the patented invention within the United States.

In the instant action the patented invention is a method. It seems obvious that a method patent can only be infringed by practice of the claimed method within the United States. Both parties have stipulated that the instant action does not involve a use of a method patent in the U.S. The plaintiff alleges that the infringing act is the Defendants' sale to foreign users for use solely in foreign countries, of a machine "capable" of carrying out the method steps of the patent in question. The plaintiff does not cite any case or statutory law to support his contention that such a sale infringes a method patent. Further the Court after an examination of the relevant case law has not found any cases which would support the Plaintiff's contention.

In the sale by the Defendant of its equipment to foreign buyers to be used for whatever purpose outside the United States, the Defendant merely transferred title to the equipment within the United States and not a use of the method patent in the United States. At no time did Defendant attempt to transfer any right to utilize the patented method within the United States.

■ It is well settled that a method patent can be infringed only when precise steps called for in the claim are carried out in the United States. Smith v. Snow, 294 U.S. 1, 55 S.Ct. 279, 79 L.Ed.

721 (1935); B. B. Chemical Co. v. Ellis, 117 F.2d 829 (1st Cir. 1941), aff'd 314 U.S. 495, 62 S.Ct. 406, 86 L.Ed. 367; Sutton v. Gulf Smokeless Coal Co., 77 F.2d 439 (4th Cir. 1935).

■■ Thus it is clear that what is patented is the process and not the manufacture or sale of a machine which has the potential to perform the patented process. No wrong is done the patentee until the process is performed within the United States. The patentee's monopoly does not cover the manufacture or sale of separate elements or machines capable of being activated to perform the patented process, but not so activated within the United States.

■ In order to have a direct infringement of a patented method monopoly, it is not only necessary to have the performance of a patented process but that performance must occur within the prescribed territory for which the monopoly was granted.

■ There can be no infringement of the Plaintiff's patent by the Defendant's manufacture of machines capable of performing the patented process. The United States patent system makes no claim to extraterritorial effect. The Acts of Congress do not and were not intended to operate beyond the limits of the United States. Brown v. Duchesne, 19 How. 183, 15 L.Ed. 595 (1856). The United States has correspondingly rejected the claims of other countries to exercise such control over our markets. Boesch v. Graff, 133 U.S. 697, 10 S.Ct. 378, 33 L.Ed. 787 (1890).

■ If an inventor needs protection of his process in markets other than those in the United States, Congressional intent is to have him seek this protection abroad through patents secured in countries where the process may be used. There is no statutory or Congressional indication of an intent to recognize the process or method patent in sales of machinery in the United States which are to be used to perform the process in foreign countries. Deepsouth Packing Co. v. Laitram Corporation, 406

U.S. 518, 92 S.Ct. 1700, 32 L.Ed.2d 273 (1972). Thus the Plaintiff has failed to present a proper claim of patent infringement.

 It is the opinion of this Court that the instant action is not an exceptional case in which the Court should grant the award of reasonable attorneys' fees to the prevailing party pursuant to 35 U.S.C. § 285.

Accordingly, it is hereby ordered that the Defendants' Motion for Summary Judgment in their favor is granted.